IN THE

# SUPREME JUDICIAL COURT,

IN THE

COUNTY OF SOMERSET, JUNE TERM, 1836.

13  281
90  460

## WATERMAN LAWRY *vs.* SIMEON WILLIAMS.

Where a deed appeared to have been executed more than thirty years before the trial; and where the only subscribing witness testified, that at the time of the date he subscribed his name as a witness to the deed in the presence of both parties, but could remember no other circumstance taking place at the time; and where subsequently the deed was in the possession of the grantee; it was held, that there was sufficient evidence of its execution and delivery.

A deed, although not acknowledged or recorded, is good against the grantor and his heirs.

Where one conveys to another, by deed of general warranty, land to which he had not then a perfect title; any title subsequently acquired by the grantor will enure by estoppel to the grantee.

THIS was a writ of entry on the plaintiff's own seisin within twenty years, the writ being dated *June* 12, 1832, to recover a strip of land fronting on seven mile brook in *Anson*, of the width of eighteen rods and running back half a mile. The demandant claimed title to an undivided share of the premises, as one of the heirs of *Samuel Lawry*, deceased; and he gave in evidence a deed from *Samuel Titcomb* to said *Samuel Lawry*, dated *October* 19, 1814, and recorded in the same month, of this and other land. The tenant then offered in evidence a deed of warranty from the same *Samuel Lawry*, deceased, to *Lemuel Williams*, deceased, whose son and heir the defendant is, dated *November* 29, 1790, of this same land. This deed was objected to by the plaintiff's counsel, it not being acknowledged or recorded, and it being wit-

VOL. I.          36

nessed by *Samuel Lawry*, as one of the two subscribing witnesses, and there not appearing to be any one of that name, excepting the grantor in the deed. He also called for proof of the execution of the last named deed. The tenant then gave in evidence the deposition of the other subscribing witness. He testified, that he witnessed a deed from *S. Lawry* to *L. Williams* of the same date of the one produced at the trial, and the same shewn to him, when he gave his deposition, the deed not being annexed to the deposition. The deponent stated, that when he signed his name, as a witness, the parties were both present, but he saw no one write but himself, and did not see the deed delivered, or know which took it, and saw no consideration paid. He also stated, that when the deed was given, *Lawry* was in possession of the land, and continued in possession for about a year afterwards. And the tenant proved the genuineness of the signature of said *Samuel Lawry* by other evidence. There was evidence that a deed, having a resemblance to the one offered, and believed by the witness to be the same, was seen in possession of said *Lemuel Williams*, many years prior to the time of the trial. The tenant also offered evidence to show, that *Lemuel Williams* was in possession of the land in dispute, and the demandant offered evidence to prove that *Samuel Lawry* claimed title after the deed to *Williams*. A nonsuit was ordered by consent of the demandant; and if the deed from *Samuel Lawry* to *Lemuel Williams* was properly admitted, and would have the effect of transferring the land, so that it could not be defeated by said deed from *Titcomb* to *Lawry*, the nonsuit was to stand; otherwise to be set aside and the action stand for trial.

*Tenney*, for the demandant, said that the deed of warranty to the father of the demandant, acknowledged and recorded, was sufficient evidence of title, unless defeated by the paper introduced by the tenant, on the ground that the title of the demandant's ancestor enured to the tenant's benefit in consequence of what appeared in the case; and contended, that such result did not follow. There was no legal proof of its execution. One subscribing witness says, in his deposition, that both parties were present when he wrote his name, but that he saw nothing writ-

ten but his own signature, and nothing was said about what was or had been written. The rule is, that if one witness can be found, he must be called, and his evidence is conclusive. 1 *Stark. Ev.* 330, 333, 336. Nor does proof of the handwriting of *Samuel Lawry*, as a witness, aid the tenant, for being the supposed grantor he is incompetent. 1 *Stark. Ev.* 342. Unless possession follows the deed, it must be proved however ancient. *Stockbridge* v. *West-Stockbridge,* 14 *Mass. R.* 261; 1 *Stark. Ev.* 345, 349.

There was no legal delivery. There was no absolute evidence, that the paper was ever in the hands of the elder *Mr. Williams.* A delivery should not be presumed, especially, when the tenant shows, that there was no delivery at the time it is said to have been executed, and where there are circumstances to raise a presumption to the contrary. 1 *Stark. Ev.* 333; 9 *Mass. R.* 310; 12 *Mass. R.* 461; 10 *Mass. R.* 458; 7 *Greenl.* 181; 4 *Kent's Com.* 448.

The deed should have been acknowledged and recorded. *Lawry* is proved to have been in possession at least one year after the date of the deed, and it is not proved that *Williams* ever had the exclusive possession at any time.

*F. Allen,* for the tenant, argued in support of the following positions.

1. The deed, *Lawry* to *Williams,* was properly admitted in evidence. This deed was executed more than thirty years before the trial, and such deeds have always been admitted without proof of execution. *Phil. Ev.* 404; *Bul. N. P.* 255; 3 *Johns. R.* 292; 14 *Mass. R.* 237.

2. Recording the deed was unnecessary, as between the parties to it and their heirs, both by the statutes of *Massachusetts* and of *Maine.*

3. The deed from *Lawry* to *Williams,* being a deed of warranty, estops *Lawry,* and his heirs, from ever claiming. 9 *Cranch,* 43; 9 *Wheaton,* 454; 11 *Johns. R.* 97; 14 *Johns. R.* 194; 2 *Serg. & R.* 515; 3 *Pick.* 61; 5 *Greenl.* 227.

4. The deed from *Titcomb* to *Lawry, senior,* had no tendency to defeat the deed to *Williams,* for there is nothing in the case to shew, that *Titcomb* had any title; much less that he had a para-

mount one. If his deed conveyed any title, it enured to the benefit of *Lawry's* grantor, and not to *Lawry.*

The opinion of the Court was subsequently delivered by

WESTON C. J. — There was proof of the execution of the deed of *November*, 1790, *Samuel Lawry* to *Lemuel Williams*, which with the subsequent possession of the deed by the grantee, was of a character to afford satisfaction upon this point. Although not acknowledged or recorded, it was good against the grantor and his heirs. Being a deed of general warranty, any title subsequently acquired by *Lawry*, would enure by estoppel, with regard to the land conveyed, to *Williams*, his grantee. When therefore, the proprietor, *Titcomb*, did in 1814, convey the whole lot to *Lawry*, the title to the twenty acres, parcel thereof, enured to *Williams*, and *Lawry* and his heirs are by law estopped to demand the same against *Williams*, his heirs or assigns.

*Nonsuit confirmed.*