TEABOUT v. DANIELS.

1. **Real estate:** ADVERSE POSSESSION: PRESUMPTION OF TITLE. Possession of land for more than ten years, in good faith, under a claim of of title, hostile and adverse, must also be visible and notorious to raise a presumption of title to real estate; and such possession bars an action for recovery.

2. ———: ———: ———. When possession is shown to be open and notorious, the person against whom it is maintained is presumed, as a matter of law, to know it, or to be negligent in not knowing it; and in either case he is bound by it.

3. ———: ———: COLOR OF TITLE. The heirs of one who held adversely under mere claim of right, are in possession under color of title.

4. ———: POSSESSION. Evidence that a house and granary were built upon the forty acres in controversy, and that one-half of the tract was cultivated and inclosed, justifies the jury in finding the occupant to be in possession of the whole forty.

*Appeal from Winneshiek Circuit Court.*

THURSDAY, MARCH 19.

On the 31st day of May, 1871, the plaintiff filed his petition averring his possession and ownership in fee of the southeast quarter of the northeast quarter of section 3, township 96, north, range 7, west, in virtue of a deed made to him therefor by the heirs of Andrew Stewart, dated December 8, 1869, and that he is informed defendants make some claim to the property adverse to him.

Plaintiff prays the establishment of his estate against such adverse claim, and that defendants be barred from having or claiming any right or title to the land..

For answer, the defendant, Francis Daniels, alleges that he

has the legal title to said lands in fee simple absolute, and that the Stewarts, at the time of making conveyance to plaintiff, were not the owners of said land, and had no right, title or interest therein.· For reply, plaintiff avers that by himself and the heirs of Andrew Stewart, and by Andrew Stewart himself, the possession of said premises has been held under claim and color of title for more than ten years prior to the commencement of this suit.

The defendants read in evidence a patent from the United States, of date March 10th, 1852, conveying the premises in controversy to Grace Cohen, and a deed from Grace Cohen conveying said tract to Francis Daniels, of Grafton, Vermont, dated April 13th, 1852.

Plaintiff introduced evidence of the adverse possession of himself and those under whom he claims, for· more than ten years prior to the commencement of the suit. Jury trial. Verdict that plaintiff is entitled to the whole of the forty acres, and also a special verdict.

Motion for new trial overruled. Judgment establishing plaintiff's estate in the land in controversy. Defendants appeal.

*E. C. Cooley*, for appellants.

*Levi Bullis*, for appellee.

DAY, J.—I. Appellant complains of the giving of certain instructions, and of the refusal to give those asked.·

The special findings of the jury render unnecessary a separate consideration of many of the errors assigned.

The jury returned in their special verdict that Andrew Stewart entered upon the land in· dispute under a claim of title; that he and his heirs and plaintiff claimed the ownership of said property, with possession and occupation thereof, for nineteen years prior to the commencement of this suit; that it has been assessed to Stewart and his heirs since 1855; that Andrew Stewart died in actual occupation of the premises, and left his widow and heirs in possession thereof; and

that they and plaintiff continued in possession thereof, claiming the same for ten years prior to the commencement of this suit; that defendant has not claimed the title or possession of the premises of Andrew Stewart or his representatives at any time within ten years before the commencement of this suit; that the Stewarts exercised acts of ownership over the land in good faith, believing all the time that they had a right to the land, and that this possession was in hostility and adverse to the rights of the defendants.

The jury have thus found specially that there was a continued possession for more than ten years, in good faith, under a claim of title hostile and adverse to the rights of defendants.

A possession necessary to the presumption of a title contains 1. REAL estate: but one element in addition to these which the jury adverse possession: pre-have found in their special verdict to exist, to-wit: sumption of title. it must be visible and notorious. See Angell on Limitations, 5th edition, chapter 31, *Booth & Graham v. Small*, 25 Iowa, 177, and cases cited.

The court, however, instructed the jury that "the possession necessary to be exercised over the land is an open, notorious possession."

The general verdict for plaintiff, therefore, involves the further determination of the existence of this material fact.

And this finding is fully sustained by the evidence.

II. Defendants assign as error the refusal to give, at their instance, the following instruction:

"Unless Daniels had knowledge or can justly be presumed 2. ——: ——: to have had knowledge that the Stewarts, or some or ——. one of them was in possession of the land, your verdict must be in Daniels' favor."

Whilst there are dicta, and possibly decisions which tend to support this instruction, yet, we believe reason and the weight of authority to be against it.

If the above be the law, a party might purposely keep himself in entire ignorance of the situation of his realty, and thus prevent adverse possession however notorious, and long continued from ripening into a title against him.

In this case the evidence shows the defendant resides in Vermont. He may never have been upon the land, or had any agent near it. He testifies that he knew nothing of any possession being had of the land until this suit was commenced.

If this instruction had been given, the jury might have found, as a fact, that defendant did not know of the possession.

And if they had so found the fact, there could be no presumption that he had knowledge, no matter how open and notorious the possession had been. In other words, there can be no presumption of a fact, in direct opposition to what the proof shows to be the fact.

The true rule is that the possession which raises a presumption of title must be open, visible, and notorious, and not clandestine or hidden. When the possession is shown to be of such open character, the person against whom it is maintained, as a matter of law is presumed to know it, or to be negligent in not knowing it, and in either case he is bound by it. See *Close v. Samm*, 27 Iowa, 503.

III. Appellant claims that the Stewarts, at the most, were in possession merely under claim of right, and not under color of title, that the evidence at best shows that but one-half of the forty has been cultivated for the statutory period; that where one enters under mere claim of right, the ouster extends no further than he occupies, cultivates, incloses, or otherwise excludes the owner from, and that as the evidence does not show where the half cultivated and inclosed is situated, there is a failure of proof, and the court should have set the verdict aside and granted a new trial. But there are other modes of acquiring color of title, than through a paper conveyance. The jury have found specially that Andrew Stewart died in possession of the premises in dispute, and that the possession devolved upon and was continued by his heirs. The possession of the heirs, therefore was under color of title. *Hamilton v. Wright*, 30 Iowa, 480.

And there are other modes of possession than cultivating and inclosing.

The evidence tends to show that the Stewarts erected a dwelling house, and granary upon the forty in controversy, that they inclosed and cultivated about half of it, and that from the part not cultivated, which was timber land, they cut wood.

This evidence justified the jury in finding that there was the exercise of such acts of ownership over the entire forty, as were necessary to enjoy the ordinary use of which it was capable in its then condition, and that the entire tract in question was shown to have been in the possession of the plaintiff and his grantors. *Booth & Graham v. Small*, 25 Iowa, 178.

In view of the fact that the special findings are conclusive of most of the questions involved, we deem it unnecessary to consider separately the other errors assigned.

AFFIRMED.