Chicago, Rock Island & Pacific Railway Company v. Allfree.

---

# CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. ALLFREE.

1. **Statute of Limitations:** TITLE TO LAND: WHAT CONSTITUTES COLOR OF TITLE. Whatever may be the source of the invalidity of a deed, if it purports to convey land, and in form passes what purports to be the title, it gives color of title; and so a tax deed, void because the lands were not taxable—the title being in the United States—constitutes color of title, in favor of which the statute of limitations may be invoked as against a purchaser from the government. See authorities cited in opinion.

2. ———: RUNS AGAINST GRANTEE OF GOVERNMENT. Defendant took possession of the land in question under a tax deed, void because the land belonged to the United States, and was not subject to taxation.

Plaintiff afterwards procured title from the United States. But defendant continued in uninterrupted possession, under his tax deed, for more than ten years after plaintiff procured his title:—*Held* that, although defendant's color of title began while the government yet owned the land, yet, as possession thereunder was continued for more than ten years after plaintiff acquired his title, plaintiff's right of action to recover the land was barred by the statute of limitations, though the statute would not have run against the government, had the title remained in it.

3. ———: TITLE TO LAND: POSSESSION OF PART IS POSSESSION OF WHOLE. Where one claiming under color of title cultivates a portion of a tract of land included within the boundaries prescribed by his deed, the law will presume that he is in possession of the whole tract, for the purposes of the statute of limitations, unless the adverse party has actual possession of a portion of the land; as to such portion the presumption will not obtain See authorities cited in opinion.

*Appeal from Jasper Circuit Court.*

THURSDAY, OCTOBER 9.

ACTION in chancery to quiet the title to certain land in plaintiff. There was a decree entered in the circuit court granting the relief prayed for in plaintiff's petition, and awarding to it possession of the land, from which defendant appeals. The controlling facts of the case appear in the opinion.

*Alanson Clark*, for appellant.

*T. S. Wright* and *Winslow & Varnum*, for appellee.

BECK, J.—I. The undisputed facts of the case are as follows:

1. The land in controversy was entered at the proper United States land office in 1854, by one Easley, and, in 1856, this entry was set aside by the action of the proper department of the government.

2. In 1858 the register of the land office for the district in which the land is situated certified to the county of Jasper, wherein the land is located, its entry.

3. The land was taxed by the county for the year 1857 and subsequent years continuously, and was sold for taxes in 1858 and in 1862, and separate tax deeds were made to the

respective purchasers at these sales. There was an action prosecuted against the unknown owner of the land, under the statute then in force, wherein the right of the owner was foreclosed by a decree of the court in which the proceeding was had.

4. By quit-claim deeds successively issued, defendant acquired title under these tax sales and deeds.

5. Defendant's grantor, subsequent to his purchase, entered into the possession of the land, and made improvements thereon by digging a well, breaking part of the land and fencing portions of it. The defendant continued the improvement of the land. Prior to March 10, 1871, thirty or thirty-five acres were broken, a part of the plowing having been done upon each "forty," the land being a fractional one-eighth of a section, containing eighty-seven and sixty-six one-hundredth acres.

6. March 10, 1871, the land in question was certified to plaintiff upon selections before made under the acts of congress granting lands to plaintiff. It becomes unnecessary to state more particularly the facts upon which plaintiff's title is based, or to refer more specifically to the legislation upon which the title rests, as we assume, for the purpose of this case, that plaintiff acquired a valid title under the grants from the government. We assume, too, that plaintiff did not acquire title prior to the certification of the land under the grants, which was, as we have just stated, on the tenth day of March, 1871.

7. The regularity of the proceedings under which the tax deeds to defendant's grantors were made, and of the foreclosure proceedings prosecuted upon one of them above referred to, are not the subject of dispute, further than is involved in the claim of plaintiff that they are void for the reason that, at the time of the levy of the taxes, the sales of the land, and execution of the tax deeds, the land was not subject to taxation, because the title thereof was in the United States. The sufficiency of the form of the proceedings is not disputed.

II. The defendant interposes the statute of limitations as a bar to plaintiff's right to recover the land. Replying to this defense, the plaintiff insists that, as the title to the land was in the United States at the time of the inception and consummation of defendant's title, defendant cannot invoke the statute to protect his possession of the land. In support of this position, it is insisted that, as the government held the title, the tax proceedings and tax deed were utterly void, and do not give color of title to defendant, and that he and his grantors held possession of the land as mere trespassers, and the law will presume that their possession was under and in subordination to the title, and not adverse thereto. We will proceed to examine the questions thus raised by plaintiff.

A claim of color of title may be based upon void acts, proceedings and deeds. They may have in law no effect, yet, being in the form which, in the absence of matters invalidating them, would render them of effect, they have the semblance of regularity, which is sufficient to support the pretense that they confer title or right. The term "color" means "semblance," "show," "pretense," "appearance;" and implies, in the language of the law, that the thing to which it is applied has not the real character imputed to it. Hence, to give "color of title," in pleading, is to allege a fictitious matter, which gives the appearance of title, and is avoided by allegations setting up the real and valid title. So, in criminal law, the term "color of office" implies "a wrong committed by an officer under the pretended authority of his office." Bouvier's Dictionary.

*1. STATUTE of limitations: title to land: what constitutes color of title.*

The term "color of title," used to designate a claim of title under which lands are held that will support the defense based upon the statute of limitations, implies that the title thus described is not valid, but is claimed to be by the party holding under it. Invalid titles are not distinguished by the consideration of the sources and reasons of their invalidity. If a title fails to confer the right of property upon the claim-

ant, it is invalid. If it be invalid because the grantor in the instrument had no title, or had no authority to convey the title, or for any other reason, it is void. In the case before us, the tax deeds pretend to convey the title to the land in question. They fail to do so because the title of the land was in the United States. They are no more invalid—they are no more completely void, than tax deeds issued under any other circumstances which would be the ground of failure to pass the title. There are no degrees of invalidity of deeds. If they fail to convey title for any reason, they are all equally void as to their effect. It is true that a deed may be invalid because not of sufficient form, or because it was issued without authority, while another instrument may be invalid for the reason that the grantor did not hold the title. There are different reasons for invalidity; not different degrees of invalidity. In neither case would the deed convey title, but in each it would constitute color of title. The cause of the invalidity of a deed may operate upon its effect beyond its insufficiency to convey title. A deed executed by one under disability would neither convey title nor bind the grantor by its covenants. A deed executed by one competent to convey, but having no title, would pass no estate, yet would bind the grantor by its covenants. Yet, as an instrument of conveyance, each would be equally invalid. The words "valid" and "invalid," as we have used them, refer to the effect of the deed as to the conveyance of title.

The defendant and his grantors claim title under the tax deeds. They were invalid, void, on the ground that the officers of the county had no authority to convey the land, for the reason that it was not taxable. But their invalidity for this reason does not prevent them from being regarded as the foundation for a pretense, show, appearance, color of title. Whatever may be the source of the invalidity of a deed, if it purports to convey land, and " in form passes what purports to be the title, it gives color of title." *Hall v. Law*, 102 U.

S., 461; *Rigor v. Frye*, 62 Ill., 507; *Hinkley v. Green*, 52 Id., 223; *Molton v. Henderson*, 62 Ala., 426; *Edgerton v. Bird*, 6 Wis., 527.

This court has held that a tax deed, void upon its face, constitutes color of title upon which the statute of limitations may be invoked. *Colvin v. McCune*, 39 Iowa, 502.

III. It is argued that defendant cannot set up adverse possession based upon claims of right or color of title in this case, for the reason that when his title attached the lands had not been conveyed by the United States. It will be remembered that the land was certified to the plaintiff after the tax deeds were executed, but this was more than ten years prior to the expiration of the period required by the statute to bar all actions for land. Upon the certification of the land, the government certainly was divested of the title. It is insisted that, as the statute did not run against the government, it cannot run against plaintiff. It may be observed that there is no provision of law declaring that a citizen cannot hold adversely to the government, or hold a color of title against it. It is true that a citizen cannot invoke the statute of limitations against the government. But this does not authorize us to presume against facts that defendant did not hold the land adversely, and under claim or color of title, before the government certified the land to plaintiff. The truth is, he did so hold, but, as against the government, it would not avail as a defense. But there is no law which forbids a citizen to hold land in that way against the grantee of the government. When the certification of the land was made, the statute began to run. The fact that defendant's prior possession could not have aided him to plead the statute against the government is no reason why he cannot plead his possession held after plaintiff acquired title. If defendant's possession began after plaintiff acquired title, it cannot be doubted he could do so. As against plaintiff, defendant's possession did begin afterwards.

2. ——: runs against grantor of government.

As the statute has run its full time since that event, the action is barred. See upon this point, *La Frambois v. Jackson*, 8 Cowen, 589.

IV. The evidence clearly shows that defendant in good faith, entered upon the land, and held it under claim of right, and, as we have seen, color of title. His possession was hostile and adverse to plaintiff's title. He cultivated a part of the land as his own, in good faith resting his claim to the whole upon the tax deeds. The law will presume him to be in possession of all the land within the boundaries as prescribed by his title. This rule would not apply, did the plaintiff have possession of the part defendant did not cultivate; in that case, the presumption would not exist as to the land held by plaintiff. But no such state of facts is in the case; plaintiff at no time held possession of any part of the land. Upon this point see *Langworthy v. Myers et al.*, 4 Iowa, 18; *Hunnicutt v. Peyton*, 102 U. S., 333; *Teabout v. Daniels*, 38 Iowa, 158; *Anderson v. Darby*, 1 Nott. & McC., 369; *Eifert v. Read*, Id., 374; *Bailey v. Carelton*, 12 N. H., 9; *Little v. Megguire*, 2 Me., 176; *Cluggage v. Duncan*, 1 Serg. & R., 111; *Lynde v. Williams*, 68 Mo., 360; *Norfleet v. Hutchins*, Id., 597; *Scott v. Delany*, 87 Ill., 146; *Coleman v. Billings*, 89 Ill., 183; *Tritt v. Roberts*, 64 Ga., 156; *Humphries v. Huffman*, 33 Ohio St., 395.

We reach the conclusion that plaintiff's action is barred by the statute of limitations. A decree will be entered in this court dismissing plaintiff's petition.

REVERSED.