ARMIJO and another *v.* ARMIJO and others.

*(Supreme Court of New Mexico. January 14, 1887.)*

1. EJECTMENT—COLOR OF TITLE—PAPER TITLE.
    Defendants in ejectment, who plead adverse possession, under color of title, for the statutory period, must show some sort of document or paper title.[1]

2. SAME—LIMITATIONS—MARRIED WOMAN.
    Where the defense is the statute of limitations, the fact that plaintiff, a married woman, claims title under an unrecorded deed, will not exclude her from the saving clause of the statute.

3. SAME—REGISTRATION LAWS—UNRECORDED DEED.
    Comp. Laws N. M. §§ 2761–2763, providing for the registration of deeds, are intended to protect subsequent purchasers and mortgagees, and will not enable a trespasser, without color of title, to dispute the title of the grantee of an unrecorded deed.

Appeal from Bernalillo county.

Action of ejectment. Judgment for defendants. Plaintiffs appeal.

*C. C. McCanas, W. T. Thorton,* and *John H. Knaebel,* for plaintiffs in error. *Sidney M. Barnes,* for defendant Gutierres.

HENDERSON, J. The plaintiffs, Gregorio Trujillo de Armijo and Rafael Armijo, her husband, brought ejectment in the district court for Bernalillo county against the defendants for the recovery of certain lands in the town of Albuquerque, in that county. The plea is the general issue. The plaintiffs proved their marriage in the year 1857; that in the month of August next following Rosalia Mestas, the mother of the said Rafael, offered to give the *locus in quo* to the said Gregorio, provided the latter and her husband would

---

[1]As to what is color of title, see Swift v. Mulkey, (Or.) 12 Pac. Rep. 76, and note.

take up their residence in Albuquerque; that, at the time of making such offer, the said Rosalia was in actual possession of the premises; that the said offer was accepted; that, conformably with the terms, the plaintiffs took up their residence in Albuquerque, and, pursuant to said offer, Rosalia Mestas delivered possession of the lots and houses in controversy to the plaintiff Gregorio, but made the deed to the husband, Rafael; that thereupon the plaintiffs constructed for the said Rosalia another house upon other lands, into which she moved; that the said deed was dated January 1, 1859, and recorded January 4, 1859. On the second day of January, 1859, the husband, Rafael, to whom the deed had been made the day before, in recognition of his wife's beneficial right to the said property embraced in the conveyance from Rosalia to himself, indorsed on that deed another deed, or what purports to be a deed to her. This instrument was witnessed, but not acknowledged or recorded. It was intended to convey all the property included in the deed on which it was indorsed. It was further shown, on behalf of the plaintiffs, that the possession was delivered to the plaintiff Gregorio, who, with her husband, from the date of execution and delivery of the first deed mentioned, continued to reside upon the *locus in quo* until some time in the year 1862, when they went to the state of Texas, not returning to Bernalillo county until in the year 1881, except a short visit of Rafael in the year 1867; that the property was worth a monthly rental of from $35 to $40; that defendants were in possession when the suit was brought; that the marriage union continued between the plaintiffs from 1857 until the institution of this suit.

The defendants introduced evidence, over the objections of the plaintiffs, showing, or tending to show, that they, and the persons under whom they claimed, had been in the actual, continuous, open, and adverse possession of the premises for more than 10 years before the beginning of this action, by means of which they were the legal owners of the said land.

At the conclusion of the evidence, plaintiffs moved several instructions to the jury, all of which the court refused to give; and, against the objections of the plaintiffs, on motion of defendants, instructed the jury to find the defendants not guilty. The jury returned a verdict in obedience to the instructions so given.

Plaintiffs moved for a new trial, and, on its being overruled, a bill of exceptions was taken, and the cause brought here by appeal. Appellants assign seven grounds of error in the record. They are as follows: (1) The admission, over the plaintiffs' objection and exception, of evidence tending to show 10 years' possession unaided by title; (2) the refusal of the court to instruct the jury to find the defendants guilty; (3) the refusal of the court to instruct the jury that the said Gregorio, being a married woman, is excepted from the operation of the statute of limitations; (4) the refusal of the court to give the plaintiffs' instruction numbered 4; (5) the refusal of the court to give the plaintiffs' instruction numbered 5; (6) the ruling and action of the court in directing a verdict of not guilty; (7) the overruling of the plaintiffs' motion for a new trial.

The several assignments really present but one main question in different forms. We will consider the first, third, fourth, and sixth.

The refusal of the court to give instruction numbered 4 is assigned as error. That instruction is as follows: "The court instructs the jury that the deeds offered in evidence were sufficient to vest title to the plaintiff; and if the jury find from the evidence that the defendants were, on the beginning of this suit, in 1882, in possession of the premises, they will find the defendants guilty, and assess the damage of plaintiff at the reasonable rental value of said premises from the beginning of this suit to this date."

It was not error to refuse this instruction. It was uncertain as to which one of the two persons it referred as having been vested with the legal title. The jury might have concluded that it referred as well to the husband as to

the wife. There is no suggestion of a reason why the statute of limitations did not run as to him.

The deed from Rafael Armijo to his wife, Gregorio, is as follows:

"ALBUQUERQUE, N. M., COUNTY OF BERNALILLO AND TERRITORY OF NEW MEXICO, this second day of January, A. D. 1859.

"On this date, I, Rafael Armijo, transfer all my right which I have on a certain house and store in the town of Albuquerque in favor of my wife, Gregorio Trujillo de Armijo, and all that may state this document, and I sign it with my own hand the day aforesaid.    RAFAEL ARMIJO.

"Witnesses: JOSE MA. CHAVES.
     "BLAS LUCERO."

This instrument was indorsed on the deed from Rosalia Mestas to Rafael Armijo. The defendants objected to the introduction of this paper as a deed, but this objection was overruled, and the deed admitted. No exception was saved, nor cross-appeal taken. It is not, therefore, necessary to the decision of the case as presented in this record to enter into a full discussion of the question raised by the objection. It is reasonably certain that it was the intention of Rafael to convey such estate as he took under the Mestas deed to his wife. The conveyance seems to have been a gift from Mrs. Mestas to Gregorio, although made to her son. Possession was taken by Gregorio under the deed from Rosalia. This possession was continued until in the year 1862, when the plaintiffs went to Texas. It will be observed that the defendants did not specially plead the statute of limitations, or rely upon it as a bar to the prosecution of this action, except in so far as the statute might have been available under the general issue. Plaintiffs made no objections in the court below, nor do they here, that the statute was not pleaded. The contention was and is that the plaintiff Gregorio, in whom the legal title vested under the conveyance referred to, was, in 1859, and still is, a married woman, and therefore within the saving of the statute of this territory, (sections 1880, 1881, Comp. Laws.) This, we think, cannot be doubted. But it is insisted that the full period of the statute had run prior to the registration of the deed in 1881, and that, as the holder of an unrecorded conveyance, she is barred. The defendants say that they are holding under color of title; but do not plead, or in any manner attempt to show, in what it consists. Color is not every pretense or claim of title, but consists in a writing or conveyance of some kind purporting to convey the land under which the claim of title is asserted. What constitutes color of title is a question of law for the court, and not of fact for the jury, except under proper instructions from the court. Color of title, strictly speaking, cannot rest in parol. There must be a document of some sort. *Roe* v. *Kersey*, 32 Ga. 155; *Walls* v. *Smith*, 19 Ga. 8; *Saltmarsh* v. *Crommelin*, 24 Ala. 352; *McConnell* v. *McConnell*, 64 N. C. 342; *Stark* v. *Starr*, 1 Sawy. 20; *Wright* v. *Mattison*, 18 How. 56; *Bernal* v. *Gleim*, 33 Cal. 676; *Jackson* v. *Frost*, 5 Cow. 351; *Livingston* v. *Peru Iron Co.*, 9 Wend. 522; *Edgerton* v. *Bird*, 6 Wis. 527; *Wilson* v. *Kilcannon*, 4 Hayw. 185; *Teabout* v. *Daniels*, 38 Iowa, 158; *Sumner* v. *Stevens*, 6 Metc. 338.

As there was no paper title of any kind introduced in evidence to support the claim of title set up by defendants, it follows that their possession was not under *color of title*, and therefore must stand upon a naked disseizin and continued actual adverse possession alone. Defendants (appellees) rely upon sections 2761–2763, Comp. Laws; and contend that notwithstanding the saving to married women contained in sections 1880, 1881, she is barred, for the reason that her title rests upon an unrecorded deed, and that they not having had actual notice of conveyance from her husband, and not having been constructively notified by means of a filing in the proper office for record, or its registration, they are entitled to protection against it.

The sections of the statutes are as follows:

"Sec. 2761. All writings conveying real estate, or by which real estate may be affected in law or equity, which shall be signed, acknowledged, and certified to in manner herein prescribed, shall be registered in the office of the archives of the county wherein said conveyance is made.

"Sec. 2762. All such instruments of conveyance, after they shall be signed, certified, and registered in the manner above prescribed, shall give notice of the time of its being registered in the office of the register to all persons mentioned in said conveyance; and all purchasers and mortgagees shall be considered in law and equity to have purchased under said notice.

"Sec. 2763. None of said writings shall be valid, except to the parties interested, and those who have actual notice of the same, until it shall be deposited in the office of the clerk to be registered."

It was decided at the last term, in *Douglass* v. *Lewis*, 9 Pac. Rep. 377,[1] that the statute of this territory on the subject of conveyances of real estate was copied or borrowed from the state of Missouri, and was in substance the same. It will be observed that the corresponding provisions in the Missouri statute, except in mere phraseology in some respects, is identical with ours. It is a familiar rule of law, that where one state or territory adopts a statute in force at that time in such state or territory, it also adopts the construction by the courts of such state or territory, unless for some good reason the courts of the state or territory adopting the statute should see proper to refuse to follow such decisions as sound interpretations of the statute.

The supreme court of that state, in passing upon the effect of an unrecorded deed under the statute in terms like ours above set out in section 2763, in these words, to-wit: "No such deed shall be valid or binding, except between the parties thereto, and such as have actual notice thereof, until deposited for record,"—said this: "Under these laws, a conveyance unrecorded was good, and passed the title, as against the grantor, and his heirs and devisees; and they were void only as against subsequent purchasers and mortgagees, without actual notice, from the same grantors, whose deeds were first recorded. *McCamant* v. *Patterson*, 39 Mo. 100; 4 Kent, Comm. 456; *Vance* v. *McNairy*, 3 Yerg. 171; *Jackson* v. *Burgott*, 10 Johns. 462; *Lawry* v. *Williams*, 13 Me. 281. These acts relate only to purchasers and mortgagees for value claiming title under the same grantor, and no other can dispute the validity of the unrecorded deed. *Nolen* v. *Heirs of Gwyn*, 16 Ala. 725." *Strickland's Heirs* v. *McCormick's Heirs*, 14 Mo. 166.

It is believed that there is no case to be found where the courts have recognized the right of a mere trespasser to dispute the title of a holder of an unrecorded deed under statutes like the one we are considering.

It has been urged in argument that the court should, after the lapse of the statutory period to bar the right of action by Rafael Armijo, presume a conveyance for value from him to the defendants in possession. The vice in this argument is founded in a mistaken view of the nature and source of title by adverse possession. It is not founded upon the presumption of a previous grant by the person last legally seized in fee of the lands. The adverse possession ripens, by force of the statute of limitations, into an absolute estate. The statute of limitations is the source of title by adverse possession, and is as effectual where it confers it at all as a grant from the sovereign power of the state. Tyler, Ej. 88. It confers a title in the occupant by extinguishing the title of the former owner; and it is too plain for argument that, if it does not run against the plaintiff Gregorio Trujillo de Armijo, it cannot aid the possession of the defendants to extinguish her title. The court erred in admitting proof of possession by the defendants, as they were not shown to have been subsequent purchasers for value, or mortgagees, without notice of the plaintiffs' unrecorded deed. It follows that it was likewise error to instruct the jury to find the defendants not guilty.

[1] Same case, 3 N. M. 345.

The cause is reversed, and remanded, with directions to award a new trial, and to proceed further in the hearing and determination of said cause.

LONG, C. J., concurs.