# Kilpatrick, *et al. v.* Trotter.

### *Ejectment.*

(Decided December 10, 1913. 64 South. 589.)

1. *Ejectment; Evidence; Prima Facie Case.*—Where plaintiff shows possession of his grantors and a deed from them to him conveying the land in dispute as a part of the lot described therein, he makes out a prima facie case and shows a right of recovery against anyone not showing a superior title.

2. *Adverse Possession; Tacking.*—Where adverse possession under color of title had not ripened into title before the adoption of section 2820, Code 1907, and the adverse holder did not list the land for taxation, the time of his adverse possession before the adoption of said section of the Code cannot be tacked to the time from its adoption to the bringing of the suit.

3. *Same; Presumption.*—If it was not covered by his deeds, it is presumed that the grantor of the lot, by exercising acts of dominion over a strip adjoining, did not intend to claim it adversely, in the absence of evidence to the contrary.

4. *Same; Notoriety.*—Where the tenant of an unenclosed lot built and used a smokehouse near to his own adjoining lot, the act was not so notorious as to impress one that he did it to make that ground a part of his own lot.

5. *Same; Tenant; Landlord.*—A tenant cannot claim any part of the demised premises adversely to his landlord.

Appeal from Pike Circuit Court.

Heard before Hon. H. A. Pearce.

Ejectment by S. E. Trotter against T. J. Kilpatrick and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Plaintiff adduced title by deed from the Columbus Iron Works and from Smith Bros. & Co. to William and

S. E. Trotter, of date February 6, 1900, and from William Trotter to S. E. Trotter, of date March 4, 1903, describing the lot in controversy, which deeds are set out. The defendants claim by deed from Crittenden and wife to D. B. Stough, executed February 4, 1887, by deed from Stough and wife to Young, executed September 28, 1904, by deed from Young and wife to defendant, executed September 30, 1904, by deed from Zachariah Wingard to Crittenden, August 3, 1867, by deed from Crittenden to Gilder, November 22, 1889, by deed from Gilder to Warren, April 2, 1895, and by deed from the Warrens' to Warren, February 21, 1895. The dispute seems to be as to whether the strip in controversy belonged to the south lot or to the north lot; plaintiff claiming the south lot, and defendant the north. The other facts sufficiently appear in the opinion.

JOHN H. WILKERSON, and A. G. SEAY, for appellant. Plaintiff had never had possession constructively of the strip in dispute, and hence, could not recover.— *Dorland v. Westcovitch,* 140 Ala. 292; *Pearson v. Adams,* 129 Ala. 157. The evidence was in such a state that the affirmative charge was improper.—*M. J. & K. C. R. R. Co. v. Bromberg,* 141 Ala. 258. Under the evidence the claim of adverse possession on the part of defendant should have been submitted to the jury.—*Noble v. Saffold,* 62 South. 515; *Thompson v. Logan,* 166 Ala. 45; *Williams v. Bedsole,* 56 South. 567; 1 Cyc. 1034. Stough's holding should have been permitted to be tacked to defendant's holding.—*Hess v. Rudder,* 117 Ala. 528; *Goodson v. Brothers,* 111 Ala. 595; *Hornsby v. Tucker,* 61 South. 928.

E. R. BRANNAN, for appellee. The following authorities demonstrate the correctness of the action of the

trial court in directing verdict for plaintiff under the facts in this case.—*Wilson v. Glenn,* 68 Ala. 383; *Childress v. Calloway,* 76 Ala. 128; *Matkin v. Marx,* 96 Ala. 504; *Black v. Tenn. Co.,* 93 Ala. 109; *Burkes v. Mitchell,* 78 Ala. 61; *Bradshaw v. Emory,* 65 Ala. 208; *Crosby v. Pridgen,* 76 Ala. 385; *Bolling v. Mobile County,* 128 Ala. 550.

ANDERSON, J.—The plaintiff showed the possession of his grantors to the lot of which the strip in question was part, and introduced the deeds from them getting their title into him, and it was undisputed that the said strip was a part of the lot as described in the said deeds. The plaintiff, therefore, made out a prima facie case, and showed a right to recover as against any one not showing a superior title. The defendants relied upon an actual adverse possession of the strip in question for a period of ten years, for the purpose of defeating the plaintiff's right to recover.

The first actual possession shown was in 1900, by Dr. Stough, who had his lot fenced, and included therein the strip in question, and it may be conceded that he took possession of same as a purchaser of the north lot, and with the understanding that the strip was a part of said lot, and that he did not therefore have to file a written declaration, under section 1541 of the Code of 1896; but the Code of 1907 became operative May 1, 1908, and before the expiration of ten years, and before the said possession could ripen into a title, and, as there has been no compliance with section 2830 of the Code of 1907, the time between the adoption of said Code of 1907, and the bringing of the suit cannot be tacked to the period from 1900 to May 1, 1908. In other words, the defendant nor any one under whom he claims has shown a recorded deed purporting to convey title to

[Kilpatrick, et al. v. Trotter.]

the strip in question, nor does she bring herself within the influence of the other provisions of said section 2830, as to assessment of taxes or a claim by descent or devise as to the particular strip in question.

It may be true that there was proof that permission was obtained, by one Trotter from Crittenden, to cut two trees off of the land in question after Crittenden had sold the south lot to Gilder, but, as Crittenden was the vendor of Gilder, in the absence of proof to the contrary, the presumption is that Crittenden, by exercising acts of dominion over the said strip, did not intend to claim it adversely to his grantee, if said strip was a part of the land covered by the deed to Gilder.

It was also shown that Dr. Stough, prior to inclosing his lot in 1900, built a smokehouse on the strip in question, but at the time he was a tenant living in the Gilder house, and in possession of the south lot; and, while, at this time, he owned the north lot, then unoccupied, there is nothing to indicate that he did not, in placing the smokehouse on the strip, do so as the tenant of Gilder, instead of for the purpose of making it a part of his own lot, as said smokehouse was built by him and used by him while using the premises of Gilder, and this one act was certainly not so notorious as to impress Gilder, or any one else, that the smokehouse was built on the strip for the purpose of making it a part of the Stough lot, instead of the Gilder lot.

Moreover, if Stough was in possession of the south lot, as the tenant of Gilder, he could not claim any part of it adversely to said Gilder.

The trial court did not err in giving the general affirmative charge for the plaintiff, or in refusing the one requested by the defendants, and the judgment of said circuit court is affirmed.

Affirmed.

MAYFIELD, SAYRE, and DE GRAFFENRIED, JJ., concur