(82 South. 132)

WRIGHT et al. v. LOUISVILLE & N. R. CO.
(8 Div. 99.)

(Supreme Court of Alabama.    May 1, 1919.
Rehearing Denied May 22, 1919.)

1. PLEADING ⊜═352—MOTION TO STRIKE—PLEA OF NOT GUILTY.

In ejectment action, since the plea of not guilty embraced all the defenses sought to be interposed under special pleas setting up the statute of limitations and adverse possession, it was not error to sustain motion to strike such pleas.

2. EVIDENCE ⊜═366(4) — DOCUMENTARY EVIDENCE—PLAT BOOK.

It was not error to exclude, in ejectment action, a book offered in evidence by defendant, claimed to be a plat book kept in the office of the judge of probate of the county where the land was situated, showing a cash entry of the land; it not being shown to be an authentic record of any court or any department of the government.

3. DEEDS ⊜═38(1)—RAILROAD LAND.

In ejectment action, a deed by a railroad conveying all the property owned by it, real and personal, of every kind and character, including all the lands owned by it in fee simple, situated in a number of counties in the state, including the county where the land in controversy was situated, was properly admitted over the objection that since it did not specifically describe the land in controversy it conveyed only an equitable title; the description being sufficient, in connection with evidence offered, to pass the legal title.

4. ADVERSE POSSESSION ⊜═7(2) — TAXATION ⊜═179—PUBLIC LANDS.

Title to certain land being in the government or the state of Alabama as trustee, prior to the time it passed to railroad by approval of the Secretary of the Interior of the railroad's list of lands selected under Acts Cong. of June 3, 1856, and March 3, 1871, it was not subject to taxation, and title thereto could not be acquired by adverse possession.

5. ADVERSE POSSESSION ⊜═79(4)—COLOR OF TITLE—VOID TAX DEED.

While tax deed to land held by the government was void, it gave color of title to defendants' adverse possession subsequent to the time when plaintiff's grantor acquired title from the government, although such deed was issued to defendants and their adverse possession began prior to the time when plaintiff's grantor acquired his title.

6. ADVERSE POSSESSION ⊜═71(2)—"COLOR OF TITLE"—VOID DEED.

An absolutely void deed may be a good color of title, for color of title is that which in appearance is title, but which in reality is no title.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Color of Title.]

Appeal from Circuit Court, Lawrence County;    Robert C. Brickell, Judge.

Action by the Louisville & Nashville Railroad Company against Oscar F. Wright and another.    From judgment for plaintiff, defendants appeal.    Reversed and remanded.

Action in ejectment by appellee against appellant for the recovery of the S. W. ¼ of S. W. ¼ of section 25, township 5, range 7 West, Lawrence county, Ala.    The affirmative charge was given by the court for the plaintiff (appellee), and from the judgment for plaintiff the defendants prosecute this appeal.

The suit was originally against J. E. Strickland, who was the tenant in possession of Oscar F. Wright, and the latter was on motion made a party defendant in the cause. The defendants filed plea of general issue—not guilty—and some special pleas, setting up the statute of limitations and adverse possession.    These latter special pleas were stricken by the court on motion of plaintiff. and the cause proceeded to trial upon the complaint and issue of not guilty.

Plaintiff claimed under the provisions of the act of Congress granting public lands in alternate sections in the states of Florida

and Alabama to aid in the construction of certain railroads in said states (said act was approved May 17, 1856 [U. S. Stat. at L. vol. 11, p. 15, c. 31]), and the renewal acts of Congress approved April 10, 1869 (U. S. Stat. at L. vol. 16, p. 45, c. 24), and March 3, 1871 (U. S. Stat. at L. vol. 16. p. 540, c. 118), also act of Alabama Legislature "to execute the power of disposal of the lands granted by an act of Congress," etc., "approved June 3, 1856; which power of disposal is conferred upon the Legislature of Alabama by said act of Congress" approved February 10, 1876. Acts of Alabama, 1875–76, pp. 154, 155. Plaintiff then offered in evidence a certified copy of the list of lands, including said act of Congress, allotted to the South & North Alabama Railroad Company by the commission, and approved by the Governor of the state of Alabama. The certified transcript was a literal copy of what is termed "List No. 15, South & North Alabama Railroad Lands," and was, duly certified by the secretary of state, and also shows the certificate of the Commissioner of the General Land Office, certificate of examiners, Division "F," certificate of examiner in connection with swamp land records, which include the 40 acres of land here involved, as listed, selected, and approved for the South & North Alabama Railroad Company under said act of Congress of June 3, 1856 (11 Stat. 17, c. 41), and March 3, 1871. Said list is shown to have been approved by the Secretary of the Interior May 19, 1896.

Plaintiff then offered the deed of South & North Alabama Railroad Company of date January 21, 1914, conveying all the property owned by the grantor, real and personal, of every kind and character, then belonging to said grantor, including all the lands owned by the grantor in fee simple, situated in a number of counties in Alabama, including Lawrence county. Objection to the introduction of said deed was interposed by the defendants upon the ground that the deed did not specifically describe the lands sued for in this action, and therefore conveyed only an equitable title. This objection was overruled.

The defendants offered in evidence a book purporting to have been published by Milton, Brown & Co. at Birmingham, and also statement of W. E. Brown, public land lawyer, as compiler, which defendants claimed to be a plat book kept in the office of the judge of probate of Lawrence county, which showed a cash entry of the land in question by Thomas Early in 1860. Plaintiff's objection to the introduction of said book was sustained.

Defendants then offered in evidence records of the probate court of Lawrence county, showing the report of the tax collector of said county reporting the lands involved in this suit assessed to "owner unknown," order of court setting date for hearing same, decree ordering a sale of the lands for payment of taxes, and a sale in May, 1891, for the tax-es of 1890. The plaintiff objected to the introduction of said records on the ground that the title to said land was then in the government and not subject to assessment of taxes in the year 1890. Defendants' counsel stated to the court that the records were not offered for the purpose of establishing title in the defendants, but merely for the purpose of showing color of title. Plaintiff objected to the introduction of the records for the purpose of showing color of title, which objection was sustained.

Defendants then offered in evidence tax deed executed by the probate judge of Lawrence county on July 7, 1893, purporting to convey the lands involved in this suit by S. A. McBride, the purchaser of said land at the tax sale. Similar objections by plaintiff were sustained by the court. Defendants' counsel stated he only offered the tax deed as color of title; and plaintiff's objection to the introduction of said deed as color of title was sustained. Defendants then introduced S. A. McBride to show that he purchased the land at tax sale in 1891, and procured a tax deed in 1893, and, further, to show that he immediately went into possession of the land, and also what acts of ownership he exercised after his purchase of the land at said tax sale, and whether or not he had paid taxes thereon. Similar objections on the part of plaintiff were sustained by the court, to all of which the defendants excepted. Defendants offered evidence tending to show that said McBride continued in the uninterrupted possession of said land up to the time of the execution of a deed to defendant Oscar F. Wright. The defendants then offered in evidence deed from S. A. McBride and wife dated May 3, 1907, purporting to convey the land involved in this suit to said Wright. Plaintiff's objection to the introduction of said deed was sustained.

Defendants offered to show by said Wright what actual possession he exercised from the time of his purchase from McBride to the time he sold the land to Strickland, but plaintiff's objection was sustained. Defendants' counsel stated to the court that the evidence as to possession was offered for the purpose of showing adverse possession of the land by S. A. McBride and those holding under him, including defendants, from and after the date the land involved in this suit was granted to the South & North Alabama Railroad Company, and title acquired by it, that is, in the year 1896, upon the theory that after said date the possession of McBride under his tax deed became adverse to said railroad company. Plaintiff's counsel objected to the introduction of evidence for that purpose because the title to said land was in the government at the time McBride acquired his tax deed and possession thereunder, and said McBride could not hold said land adversely to the government, and that his possession of

said lands could not therefore become adverse to one acquiring title from the government. The court sustained the objection, and defendants excepted.

Defendants offered in evidence deed from Oscar F. Wright to J. E. Strickland, and deed from said Strickland to said Oscar F. Wright, both of which purported to convey the title to the land involved in this suit. Plaintiff's objection thereto was sustained. Due exceptions were reserved to the several rulings of the court.

W. T. Lowe, of Decatur, for appellants.

Eyster &· Eyster and G. O. Chenault, all of Albany, for appellee.

GARDNER, J. [1] In this action, the plea of not guilty embraced all the defenses sought to be interposed under the special pleas, and there was no error in the ruling of the court sustaining the motion to strike such pleas.

[2] The book offered in evidence by the defendant, as appears in the statement of the case, was not shown to be an authentic record of any court, or any department of the government, and there was clearly no error in its exclusion.

[3] The deed from the South & North Alabama Railroad Company to the plaintiff in this cause contained a sufficient description of the land, in connection with the evidence offered, to pass the legal title, and the objection thereto was properly overruled. Chambers v. Ringstaff, 69 Ala. 140; Jenkins v. Woodward Iron Co., 194 Ala. 371, 69 South. 646; Angel v. Simpson, 85 Ala. 55, 3 South. 758.

This brings us to a consideration of the pivotal question in the case. There seems to be no serious controversy that the evidence offered by the plaintiff was sufficient to show the legal title in the plaintiff, which title passed to its grantor in May, 1896. Price v. Dennis, 159 Ala. 629, 49 South. 248; Stein v. England, 202 Ala. 297, 80 South. 362.

[4] It is conceded that prior to said time the title was in the government, or in the state of Alabama as trustee, and that therefore, under the above-cited authorities, the land was not subject to taxation, and title thereto could not be acquired by adverse possession. Stein v. England, supra. The defendants offered to show, however, a sale of the lands and taxes assessed to "owner unknown" in 1891, and the deed of the judge of probate of Lawrence county pursuant thereto, executed in 1893, that the purchaser went into possession of the land under said deed, remaining in possession subsequent to the year 1896, and successive conveyances of said land and possession of grantees under their respective deeds up to the conveyances to the defendants in this cause.

[5] The court sustained the plaintiff's objection to the testimony offered upon the theory, as we gather from the record and briefs of counsel, that the lands were not subject to taxation, and could not be adversely held at the time of the tax deed because the title was in the government, and that therefore the possession of said purchaser at the tax sale could not become adverse to one acquiring title to said lands from the government. It was directly stated, and proof offered by defendants with this express understanding, that the deeds offered in evidence by the defendants were not offered for the purpose of showing title, but merely as color of title, in connection with the proof of adverse possession subsequent to May, 1896, when plaintiff's grantor acquired title, to all of which plaintiff's objection was sustained.

[6] That the tax deed conveyed no title was, of course, quite clear, but this did not affect its value as color of title, for, as said by this court:

"An absolutely void instrument may be good color of title. 'Color of title' is said to be that which in appearance is title, but which in reality is no title." Crowder v. Doe ex dem. Tenn. C., I. & R. R. Co., 162 Ala. 151, 50 South. 230, 136 Am. St. Rep. 17.

See, also, Saltmarsh v. Crommelin, 24 Ala. 347; Doe ex dem. Hughes v. Anderson, 79 Ala. 209.

The question here involved was considered by the Supreme Court of Iowa in the case of Chicago, R. I. & P. Ry. Co. v. Allfree, 64 Iowa, 500, 20 N. W. 779. The opinion of that court recognizes, of course, the well-understood rule that possession could not be adverse so long as the title remained in the government, and that such a one in possession could never invoke the statute of limitations or the doctrine of adverse possession. The opinion then proceeds:

"But there is no law which forbids a citizen to hold land in that way against the grantee of the government. When the certification of the land was made, the statute began to run. The fact that defendant's prior possession could not have aided him to plead the statute against the government is no reason why he cannot plead his possession held after plaintiff acquired title. If defendant's possession began after plaintiff acquired title, it cannot be doubted he could do so. As against plaintiff, defendant's possession did begin afterwards."

It is conceded that the title passed to the South & North Alabama Railroad Company in 1896, and while the possession under color of title could be of no avail to the possessor prior to said date, yet, as stated in the foregoing quotation, there is no law which forbids the holding of land adversely to the grantee of the government; and we are therefore of the opinion the defendants

should have been permitted to offer proof as to the tax deed as color of title, and possession thereunder in connection with the other deeds offered in proof, together with the evidence in regard to possession by the respective parties to the conveyances subsequent to the acquisition of title by the South & North Alabama Railroad Company in 1896.

We approve the reasoning and holding of the Iowa court in the above-cited case, and think it directly applicable here, and, indeed, we are cited to no authority in conflict therewith. See, also, in this connection, Schneider v. Hutchinson, 76 Am. St. Rep. 483 (note).

We are therefore of the opinion that the court below committed error as to these questions of evidence, which are sufficiently disclosed in the statement of the case, for which the judgment must be reversed.

There is some suggestion in brief of counsel for appellee that it is not shown the provisions of section 2830 of the Code of 1907, in regard to the recordation of the color of title, was complied with, and the case of Kilpatrick v. Trotter, 185 Ala. 546, 64 South. 589, is cited. There was no objection upon this ground, or suggestion as to this, in the court below, and it would appear from the evidence offered that defendants sought to establish adverse possession for a period of ten years subsequent to the year 1896, and previous to the adoption of the Code of 1907. Mobile & G. R. R. Co. v. Rutherford, 124 Ala. 204, 63 South. 1003.

For the errors indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.