# Sledge *et al. v.* Singley, *et al.*

*Statutory Action of Ejectment.*

1. *Execution of deed; proof can not be made by declaration of deceased grantor.*—The statute authorizing the execution of a written instrument, attested by witnesses, to be proved by the testimony of the maker, without producing or accounting for the absence of attesting witnesses, (Code, § 1797), has reference to the testimony of the maker as a witness in the trial of a case or before a commissioner, and does not authorize the proof of the execution of a deed or by the declarations of the deceased grantor made out of court.

2. *Adverse possession; when statute as to filing notice not applicable.*—Where a party claims land under color of title or under a *bona fide* claim of purchase, the statute requiring the filing of notice of adverse possession, (Code, §§ 1541-1546), has no application.

APPEAL from the Circuit Court of Choctaw.

Tried before the Hon. JOHN C. ANDERSON.

This was a statutory action of ejectment, brought by the appellees against the appellants, to recover certain lands specifically described in the complaint.

The plaintiffs claimed the lands sued for by inheritance from Jackson Singley, deceased, who was the father of

some of the plaintiffs and grandfather of others. Tom
Sledge was in possession of said lands as a tenant of
John Greene, the other defendant, and said John Greene
claimed title to the lands by inheritance from his father.

There was evidence introduced on the part of the
plaintiffs, that Jackson Singley, deceased, the ancestor
of the plaintiffs, acquired title to the lands by a deed
which was executed to him on October 20, 1880, by J. C.
Locke and wife, M. F. Locke, and that at the time of the
execution of said deed Locke was owner of the land sued
for. The plaintiffs introduced evidence to show that al-
though diligent search had been made in such places as
it was most likely to be found, that said deed from Locke
to Jackson Singley, deceased, had not been found and
that it was lost. It was also shown that the subscrib-
ing witness to said deed from Locke to Jackson Singley,
was dead; that J. C. Locke, one of the grantors, was
dead, but that M. F. Locke, the wife of said J. C. Locke,
was living and resided in Choctaw county. Thereupon
the plaintiffs introduced as a witness one Richard Mc-
Millan and asked him if he had ever heard J. C. Locke
say that he had sold the land involved in this suit to
Jackson Singley? The defendants objected to this ques-
tion, upon the ground that it was not the best evidence
to show the execution of said deed, and because it was
not shown that at the time of said alleged statement
Locke was in possession of the land included in said
deed. The court overruled the objection, and the de-
fendants duly excepted. Upon the witness answering
that he heard Locke say that he had sold said land to
Jackson Singley and had made him a deed to it, the de-
fendants moved to exclude this evidence upon the same
ground, and duly excepted to the court overruling their
motion.

The defendants introduced evidence tending to show
that the father of John Greene purchased the land sued
for in 1873 or 1874 from said J. C. Locke and one George
Fogan. There was also evidence introduced on the part
of the defendants tending to show that the defendant
John Greene and his father, who is now dead, had been
in adverse possession of the land sued for from the time

of said alleged purchase up to the present time, using and occupying the same as their land.

Under the opinion on the present appeal, it is unnecessary to set out the other facts of the case.

The court at the request of the plaintiffs gave to the jury the following written charge: "The court charges the jury that in considering the time making up defendants' adverse possession, you can not count nor include any time that elapsed after February 11, 1893, up to time suit was brought."

To the giving of this charge the defendants separately excepted, and also duly excepted to the court's refusal to give the general affirmative charge requested by them.

There were verdict and judgment for the plaintiffs. The defendants appeal and assign as error the several rulings of the trial court to which exceptions were reserved.

R. P. ROACH, for appellants.—The statement of the grantor that he has executed a deed is not admissible to prove the execution of the deed.—*Hawkins v. Ross.* 100 Ala. 464; *Askew v. Steiner,* 76 Ala. 221; *Shorter v. Shepard,* 33 Ala. 648.

The act of February 11, 1893, which requires persons claiming adverse possession of land to give notice thereof by filing claim in the probate office, particularly describing the land, has no application to persons who enter upon land and assert possession thereto under an honest claim of purchase.—*Holt v. Adams,* 121 Ala. 669.

GILDER & GAVIN, *contra,* cited 9 Amer. Encyc. of Law, (2d ed.), note 8; *Burks v. Mitchell,* 78 Ala. 61; *Scales v. Otts,* 128 Ala. 588.

McCLELLAN, C. J.—Section 1797 of the Code, which provides that "the execution of any instrument of writing attested by witnesses may be proved by the testimony of the maker thereof without producing or accounting for the absence of the attesting witnesses," is

[Sledge *et al.* v. Singley *et al.*]

in derogation of the common law and its operation should not be extended beyond its terms. The provision was intended to meet a situation which frequently arises in trials where proof of the execution of writings attested by witnesses becomes necessary. The attesting witnesses are absent while the maker, generally a party to the cause, is present; and the purpose of the enactment was to conserve convenience and avoid delays by rendering the maker competent to *testify* to the execution of such a paper. We cannot believe that the lawmakers intended to change the common law rule further than this, i. e., to allow the fact of the execution to be proved by the *testimony* of the maker. Testimony in this connection means the statements of the maker as a witness on the stand, or before a commissioner, not his declarations out of court, nor evidence of them given by another witness on the stand. The language of the statute goes no further than this. There is no ground for holding that the legislature intended more than this. The conditions with which the legislature proposed to deal are met by giving the enactment only such operation as its text requires. There are obvious considerations which, while justifying the relaxation of the common law rule to the extent of admitting the *testimony* of the maker, would not and should not have carried the lawmakers to the length of providing for the admission of evidence of the declarations of the deceased maker in the place of the testimony of the attesting witnesses. We are, therefore, of opinion that the trial court erred in receiving evidence of declarations of J. C. Locke, deceased, to the effect that he executed the deed to Singley.

The defendant claimed the land by purchase from Locke, made in 1874. Whether this claim of purchase was *bona fide* or not, was a question for the jury. If they found it was made in good faith, the statute as to filing notice of adverse possession (Code, §§ 1541 *et seq.*) would have no application, and the question whether the defendant had had adverse possession for ten years before suit brought was determinable without reference to the statute. Charge 1 given for the plaintiff made

the statute applicable absolutely, and took away the right of the jury to find that the defendants held possession under a *bona fide* claim of purchase, and upon such finding to further determine the length and character of defendants' possession without regard to the statute. The court erred in giving this charge.

We deem it unnecessary to discuss other points reserved on the trial as they will probably not arise again.

Reversed and remanded.