# Anniston City Land Co. *et al. v.* Edmondson.

### *Common Law Action of Ejectment.*

1. *Ejectment; adverse possession; when tax assessment books of county admissible in evidence.*—In an action of ejectment where neither the complainant nor the defendant trace title to the Government, but each claims title by reason of adverse possession for the statutory period, the tax assessment books of the county where the land is situate, showing the property assessed to the defendant during the years that it was necessary for him to have been in possession and to have exercised acts of ownership over said lands to complete the statutory period, and which show that the lands sued for in said action were not during said years included in the property assessed to the defendant, are admissible in evidence.

Appeal from the City Court of Anniston.
Tried before the Hon. Thos. W. Coleman, Jr.
This was a common law action of ejectment brought

by the appellant against the appellee. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

J. J. WILLETT, for appellant.—The tax assessment books showing the property assessed to the defendant during the years necessary to give title by adverse possession, and which show that the defendant did not assess the property in litigation as belonging to him, were admissible in evidence.—*Green v. Jordan*, 83 Ala. 220; 1 Amer. & Eng. Ency. of Law, p. 831; *Sanders v. Giddings*, 90 Mich. 50; *Larkin v. Baty*, 111 Ala. 303; *Wright v. Merriwether*, 51 Ala. 184; *McGhee v. Malone*, 37 Ala. 259; *Birmingham Mineral R. R. v. Smith*, 89 Ala. 305.

E. H. HANNA and MATTHEWS & WHITESIDE, *contra.*

HARALSON, J.—The main case was an action of ejectment by the Anniston City Land Company, for the recovery of the land described in the complaint. Adverse possession for the statutory period was relied on by the plaintiff for a recovery, and by the defendant, W. J. Edmondson, as a defense. Neither party traced title to the Government, but each proved the exercise of acts of ownership, allowed in evidence, in respect of his claim by adverse possession.

Judgment was rendered in the court below in favor of the defendant. A motion was made by plaintiff for a new trial, based on many grounds, which motion was overruled, and this appeal is from the judgment of the court overruling that motion.

Among the grounds for a new trial were the following: (1.) "The plaintiff offered in evidence the tax assessment books of Calhoun county, separately showing the property assessed to W. J. Edmondson for the year 1878, (and) showing that the lands in litigation for this year are not included in the property assessed to him, W. J. Edmondson." (2.) Plaintiff offered in evidence the original tax assessment books of Calhoun county, showing the property assessed to W. J. Ed-

mondson for the following years: 1879, 1881, 1883 and 1884, separately, showing the property assessed to W. J. Edmondson, and showing that the lands in question were not included in the property assessed to him for either of those years. (3.) Said books were offered for the years from 1868 to 1874, both inclusive, showing no assessments in any of those years in Calhoun county for or by W. J. Edmondson, of the lands in dispute or any other lands. (4.) Said books were offered for the years 1868 to 1887, both inclusive, showing that in none of these books was the land in litigation assessed to said W. J. Edmondson.

The court refused to allow these assessment books to be introduced, and the defendant excepted in each instance to the ruling of the court. These tax books should have been received in evidence, as tending to show that Edmondson did not claim the land involved, during the years covered by the books. The fact that he did not return the land for taxation was a relevant circumstance inconsistent with, and, therefore, tending to rebut his evidence that he claimed throughout those years to own the land.—*Wing v. Roswald*, 74 Ala. 346, 349. The books are the best evidence of this fact, since they are required to be made up from the tax lists returned under oath of the property owner, and these lists are not required by law to be permanently kept.—Code, 1867, §§ 472, 473; Code, 1876, p. 267, Art. 5, C. 2; Code, 1886, § 511; Code, 1896, § 3978.

The judgment of the court below, on account of this ruling of the court must be reversed, and one will be here rendered granting the new trial, and remanding the cause.

Reversed, rendered and remanded.