# Roe *v.* Doe, *ex dem.* Rowe.

## *Ejectment.*

(Decided Feb. 11, 1909. Rehearing denied April 6, 1909.
48 South. 1033.)

1. *Adverse Possession; Duration of Possession.*—Where one through his own possesion and that of his predecessors in possession has held land adversely for fifty-two years, he has title by adverse possession.

2. *Same; Visible and Notorious Possession; Filing Notice.*—One who purchases land and is put in possesion under a bona fide contract of purchase, or one whose predecessor had acquired title by adverse possession before the statute became effective, is not required to file the notice provided for by section 1541, Code 1896.

3. *Limitation of Action; Computation of Period; Postponement.*— Where adverse possession began before plaintiff's predecessor secured the title, the running of the statute in favor of the adverse holding during the existence of the last life tenancy, is not postponed by the fact that plaintiff's predecessor willed the property for life to claimant's mother with remainder in fee to adverse claimant, as limitations will not be interrupted by the subsequent disability of a claimant unless made so by statute.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Ejectment by John Doe, on the demise of Cordelia Roe, against Richard Roe, with notice to Mary R. Goetchius and Ella Russell. There was judgment for plaintiff, and defendant appeals. Reversed and remanded.

The controversy was over a part of the N. ½ of section 28, township 16, range 5. The defendant disclaimed as to a part of said section which lay on one side a fence row running across the quarter section, and as to the other pleaded not guilty. Plaintiff derived the title from the government through mesne conveyances to one A. B. Fannin, by will of Fannin to Mary R. Reid, and from Mary R. Reid to plaintiff. The will, it seems, created a life estate in the wife of the testator, who died

four years before the bringing of the suit. Plaintiff was one of the children, and Mary R. Reid was the other living child, and the deed from Reid to Roe was for a half interest. The evidence for the defendant showed that she and her predecessors in title had cultivated and otherwise used the land up to the fence row, and that it had been so used and cultivated by her and her predecessors in title before the death of Mr. Fannin, father of the plaintiff. The other facts sufficiently appear in the opinion of the court.

H. P. MERRITT, for appellant. No brief came to the Reporter.

OSCAR S. LEWIS and TROY, WATTS & LETCHER, for appellee. No brief came to the Reporter.

ANDERSON, J.—The defendant did not question the plaintiff's paper title to the north half of the section, or that the strip of land in controversy was in said north half, but relied solely upon actual adverse possession of said strip in herself and those under whom she holds for over 50 years. The plaintiff testified that her father was in the possession of the place; but she knew nothing about the location of the fence, and did not show a possession of the strip south of the fence. On the other hand, her witness Wesley Johnson testified that her possession was only to the fence, and that the defendant's hands cultivated the strip in question. The defendant proved by many witnesses that Col. Chappell maintained the fence 52 years ago, and was in possession of said land and claiming up to the fence; that Russell went into possession under Chappell, and claimed and cultivated up to the fence; and that the defendant has done the same ever since the land was purchased from Rus-

sell. The defendant, therefore, acquired title by adverse possession. It matters not that she filed no declaration of her claim to the land, under section 1541 of the Code of 1896, as that statute only became effective in 1893, and her predecessors' possession had already ripened into title, and she went into possession under them by a contract of purchase. Moreover, if she purchased the land and was put in possession under a bona fide contract of purchase, she did not have to file a declaration in the probate office in order to hold adversely.— *Holt v. Adams,* 121 Ala. 664, 25 South. 716; *Sledge v. Singly,* 139 Ala. 346, 37 South. 98.

The trial court erred in not giving the general charge requested by the defendant. The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.

## On Rehearing.

ANDERSON, J.—It is insisted by appellee's counsel that the plaintiff's title to the land, under the will of her father, Fannin, was subject to the life estate of her mother, and that the statute did not run against her until the death of her mother, the life tenant (a point not made in the original brief.) This rule would obtain if the possession of the defendant and her grantors started after the creation of the plaintiff's remainder or held under the life tenant; but in the case at bar the possession started before Fannin, the father, and husband of the life tenant, acquired the land, and the statute of limitations was and had been running for years before her death, and before the creation of the plaintiff's estate in remainder. It is settled law that after the statute begins to run no subsequent disability super-

[Vadeboncoeur v. Hannon.]

sedes its operation, unless by statutory provision.—
*Baker v. Barclift*, 76 Ala. 417; *Black v. Pratt Coal Co.*,
85 Ala. 508, 5 South. 89; section 4860 of the Code of
1907. The statute, having started and run for years be-
fore the plaintiff's estate came into existence, was not
intercepted because, by the terms of her father's will,
her mother took a life estate in the land, and she was
not entitled to same until her mother's death.

In the case of *Gindrat v. Western R. R.*, 96 Ala. 162,
11 South. 372, 19 L. R. A. 839, the defendant never went
into possession of the land until after the execution and
recording of the deed creating the remainder.