# Owen *et al. v.* Moxon.

## *Ejectment.*

(Decided May 12, 1910. 52 South. 527.)

1. *Ejectment; Recovery on Prior Possession; General Rule; Exception.*—While the general rule is that in ejectment a plaintiff may recover upon prior possesison against one who has a mere subsequent possession, and the recovery cannot be defeated by showing that there is or may be an outstanding title in another, this rule does not avail against one who acquires possession peaceably and in good faith under color of title, as in that case the defendant can defeat plaintiff's right to recover under a previous possesison, by showing an outstanding title in another, and without connecting himself therewith.

2. *Same; Declaration of Adverse Claim; Filing; Jury Question.*—Under the evidence in this case it was a question of fact for the jury as to whether the plaintiff in ejectment should or should not have filed a declaration of adverse claim under the statute.

3. *Adverse Possession; Color of Title; Record; Filing; To Whom Applicable.*—Section 2830, Code 1907, applies only to one in possession as a trespasser or mere squatter, and not to one who claims under a bona fide claim of purchase or inheritance.

[Owen, et al. v. Moxon.]

4. *Same; Deeds; Color of Title.*—The fact that plaintiff's deed from his grantor antedated the deed from his grantor's grantor was not fatal to the deed for use as color of title, nor did it deprive the plaintiff from tacking the possession of the grantor's grantor, and of his grantor to his own, it appearing that his grantor had been let into possession under his grantor.

5. *Same; Proof of Reputation; When Admissible.*—While it is true that the existence of a fact cannot be proven by notoriety or reputation, yet in ejectment, where the fact of plaintiff's adverse possession is otherwise established, its notoriety is admissible for the purpose of showing notice, notoriety being an element of adverse possession.

6. *Same; Claim of Title; Evidence.*—It is not error to permit the son of the person from whom plaintiff derived title to testify that his father said that he felt that he had a right to sell the land; it being a fact tending to show that the father was asserting owership.

7. *Same; Instructions.*—A charge asserting that if A. was in possession of the lands sued for more than ten years prior to 1893, claiming ownership, and remained in possession until W. bought from him and W. remained in possession until he delivered possession to plaintiff and that plaintiff was in possession, through his tenants, until ousted by defendant in 1908, then the verdict must be for the plaintiff, was not error since it only hypothesized adverse possession and did not attempt to define or set out the ingredients.

8. *Same.*—If plaintiff's predecessor held under a bona fide purchase plaintiff was not under any duty to file a declaration under Acts 1893, p. 478, and if he did not so hold, his holding after the act became effective, could not constitute adverse possession, and hence, it was not error to charge that if the jury believed the plaintiff had such an adverse possession as the lands were susceptible of for ten years prior to the time defendant entered into possession the verdict must be for the plaintiff. Such a charge was abstractly correct and hypothesized a recovery upon adverse possession of ten years, and if the possession was not adverse after said act became effective, the charge did not infringe the rule resulting from a failure to register the claim.

9. *Same.*—A charge asserting that to constitute an ouster or adverse possession of wild land it is not necessary that the one claiming possession should remain on the land, or that he should have any improvement thereon, and if he exercises acts of ownership and has such possession as the land is susceptible of, such as cutting timber, keeping off intruders, paying taxes on the land, offering to sell it, etc., then such acts may constitute adverse possession, was not an instruction that the facts hypothesized amounted to adverse possession, but that they might do so whether the party was in possession under a paper title, or color of title or not; and while not a commendable charge it was not reversible error to give it.

10. *Same.*—A charge asserting that unless the jury was reasonably satisfied that plaintiff's predecessor was in adverse possession claiming ownership for not less than ten years prior to February 11, 1893, plaintiff could not recover by reason of any title in his predecessor, unless his predecessor was in possession under a bona fide claim of purchase, claiming adversely for ten years, was not erroneously re-

[Owen, et al. v. Moxon.]

fused since it was calculated to mislead the jury to the belief that plaintiff could not recover unless the possession of his predecessor was coupled with a bona fide claim of purchase for ten years prior to the statute.

11. *Appeal and Error; Presumption; Instruction.*—The oral charge of the court asserting that it was for the jury to say what constitutes adverse possession under the facts and whether it existed under the facts, did not submit a question of law to the jury but simply left it to the jury to determine whether the facts established plaintiff's title by adverse possession, and this court on appeal must assume that the court charged as to the constituents of adverse possession, and that the part of the charge excepted to merely called upon the jury to determine whether the evidence constituted adverse possession under the rules of law as laid down by the court; nor was this presumption overcome by recital in the bill of exceptions that there was no other part of the oral charge which changed the foregoing statement of law, since the charge did not attempt to define adverse possession, or to instruct the jury to do so, but merely to determine whether adverse possession existed under the facts.

12. *Evidence; Limiting Evidence; Ejectment.*—In ejectment it is not error to limit the deed offered by defendant to color of title, instead of muniment of title, where the title was derived under tax sale, and what purported to be the assessment, failed to show that the land in question formed a part of the assessment.

13. *Same; Title; Proof; Reputation.*—It was not competent to show by reputation or general understanding in the community that the plaintiff in ejectment owned or had title to the land.

14. *Same; Declaration; Parties in Possession.*—It is not error to permit a witness to testify in an ejectment suit that the person through whom the plaintiff derived title had been trying to sell witness' father the land three years before, where there was evidence that such person was in possession, as it was for the jury to say whether it applied to that particular parcel of land or not.

15. *Same; Source of Title; Ownership.*—While declarations made by claimants to land, whether in possesion or not, as to the source of title, are not admissible against another, a party in possession of land may make declaration explanatory of his possession, either in claim or disclaim of ownership, and such declarations will be admissible on the issue of disputed ownership, no matter who may be the parties, since possession is the principal fact and the declarations are part of the res gestae of the possession, and are admissible whether the person was actually on the land or not at the time of making the declaration.

16. *Trial; Evidence Relevant for Certain Purposes; Objection.*—A trial court will not be put in error for admitting evidence relevant for certain purposes where the objection seeks to keep it out entirely.

APPEAL from Cleburne Circuit Court.

Heard before Hon. JOHN PELHAM.

Action by Phillip S. Moxon against W. T. Owen and others. Judgment for plaintff, and defendants appeal. Affirmed.

The oral charge of the court, excepted to, is as follows: "It is for you to say what does constitute adverse possession under the facts in this case, and whether it existed under the facts."

The following charges were given at plainiff's request: "(1) Gentlement of the jury, I charge you that if Mr. Armstrong was in the adverse possession of the land sued for, for more than 10 years prior to 1893, claiming to own the same as his own, or as a partner in the firm of Johnston & Co., and remained in possession until the time that Wallace bought from him, and that after Wallace's purchase he, the said Wallace, remained in possession until the delivery of the possession to Moxon by him under his deed, and the said Moxon, acting through his tenants, remained in possession of the same until Owen ousted him in the fall of 1908, then your verdict must be for the plaintiff. (2) Gentlemen of the jury, if you are reasonably satisfied from the evidence that the plaintiff and those under whom he claims had such an adverse possession of the land as, from its wild nature, it was susceptible of, for 10 years prior to the time that Owen entered into possession, then your verdict must be for the plaintiff. (3) Gentlemen of the jury, to constitute an ouster or adverse possession of wild or unimproved land, it is not necessary that the person claiming the possession of the land should remain on the land, or that he should have any improvements thereon. If such person, claiming the possession, exercises acts of ownership over the land, and has such possession of the land as, from its wild character, it is susceptible of, like cutting timber therefrom, keeping off intruders, paying taxes, offering to sell it, cutting trees off the land, selling trees off the land, cutting board timber off of it, and giving persons permission to get wood and light wood off the land, then such acts

may constitute an actual adverse possession of such
wild or unimproved land."

The following charge was refused to the defendant:
"(5) The court charges the jury that, unless they are
reasonably satisfied from the evidence that Armstrong
was in the adverse possession of the land sued for, claim-
ing to own the .same, for not less than 10 years before
the 11th day of February, 1893, plaintiff would not be
entitled to recoved by reason of any title in Armstrong,
unless the jury should further believe that Armstrong
was in possession under a bona fide claim of purchase,
claiming the said land adversely for a period of 10
years."

KNOX, ACKER, DIXON & BLACKMON, for appellant.
Declarations by one in possession as to source of title
are not admissible in evidence.—*Doe ex dem. Hooper v.
Clayton,* 81 Ala. 391; *Daffron v. Crump,* 69 Ala. 77;
*Ray v. Jackson,* 90 Ala. 513; *Vincent v. State,* 74 Ala.
274; *Conuch v. Couch,* 141 Ala. 364. The evidence of
Armstrong's acts of possession is not sufficient to show
such actual, visible and continuous possession as to
ripen into title.—*Alexander v. Savage,* 90 Ala. 383; *By-
num v. Hewlett,* 137 Ala. 337; *Reddick v. Long,* 124 Ala.
267; 2nd Mayfield, p. 75, sec. 4; 2nd Mayfield, p. 80, sec.
88. When possession is acquired and held for a time in
subordination to the title of the true owner, to consti-
tute an adverse possession, there must be a disclaimer
of the original title, and actual, hostile possession of
which the true owner had notice.—*Lucas v. Daniels,* 34
Ala. 192; *DeJarnett v. McDaniels,* 93 Ala. 222; *Ponder
v. Cheeves,* 104 Ala. 313; *Eureka Company v. Norment,*
104 Ala. 631; *Lucy v. Tennessee Company,* 82 Ala. 246.
Plaintiff must recover on the strength of his own title
and not on the weakness of his adversary's. The rule

that prior possession alone is sufficient against a mere trespasser does not apply to party in possession under color of title.—3rd aMyfield, p. 119, sec. 46; *Jackson Lumber Co. v. McCreary,* 137 Ala. 281; *Rogers v. Keith,* 148 Ala. 225; *Stephens v. Moore,* 116 Ala. 401. Plaintiff was not entitled to show title in Armstrong or to introduce in evidence the deed from Armstrong to Wallace, since Wallace's title, acquired after the conveyance to plaintiff, did not pass by Wallace's quit claim deed. —*Vary v. Smith,* 50 So. Rep. 187; *Jones v. Wilson,* 57 Ala. 122; *Frink v. Darst,* 14 Ill. 304, 58 Am. Dec. 575; note p. 586. Evidence as to general reputation as to title is not admissible—*Goodson v. Brothers,* 111 Ala. 589; *Doe v. Clayton,* 81 Ala. 491.

BLACKWELL & AGEE, for appellee. Possession being the principal fact declarations are admissible as part of the res gestae of the possession.—*Payne v .Crawford,* 102 Ala. 387; *Humes v. O'Brien,* 74 Ala. 79; *Daffron v. Crlump,* 69 Ala. 77. Notoriety of possession by one setting up title by adverse possession may be shown.—1 Cyc. 1148; 1 A. & E. Enc. of Law, 392; 1 Enc. of Evid. 683; 161 U. S. 504. Notoriety is a constitutent element of adverse possession.—*T. C. I. & R. R. Co. v. Lynn,* 123 Ala. 112; *Woods v. Montevallo C. & C. Co.,* 84 Ala. 56. The deeds offered by plaintiff from his grantor's grantor and his grantor, were admissible as color of title.— *Holt v. Adams,* 121 Ala. 664. The tax proceedings were invalid.—Secs. 571 and 576, Code 1886; *Smith v. Cox,* 115 Ala. 508; *Reddick v. Long,* 124 Ala. 260; *Johnson v. Harper,* 107 Ala. 706; *Nat. Bank v. Barber,* 108 Ala. 659; *McKinnon v. Nixon,* 128 Ala. 615; *Riddle v. Messer,* 84 Ala. 276. The oral charge of the court was not error.—1 A. & E. Enc. of Law, 886; 1 Cyc. 1152; *Gist v. Beaumont,* 104 Ala. 347; *McCrary v. Jackson,* 148

Ala. 247; *Roe v. Doe,* 48 South. 49; *Dodge v. Irvington L. Co.,* 48 South. 383. The court did not err in the other charges given and refused.—*Dorlan v. Westervich,* 140 Ala. 294.

ANDERSON, J.—The general rule is that in an action of ejectment the plaintiff may recover upon prior possession as against a defendant who has a mere subsequent possession, and such defendant cannot defeat the plaintiff's recovery by showing that there is or may be an outstanding title in another.—10 Am. & Eng. Ency. of Law, 487; *Green v. Jordan,* 83 Ala. 220, 3 South. 513, 3 Am. St. Rep. 711; *Roe v. Doe,* 159 Ala. 614, 48 South. 49; *Dodge v. Irvington Land Co.,* 158 Ala. 91, 48 South. 383, 22 L. R. A. (N. S.) 1100. This rule does not prevail, however, against a defendant who acquires the possession peaceably and in good faith under color of title; for, if such is the case, the defendant can defeat the plaintiff's right to recover upon a previous possession, by showing an outstanding title in another and without connecting himself therewith.—*McCreary v. Jackson Lumber Co.,* 148 Ala. 247, 41 South. 822.

In the case at bar the plaintiff proved a prior possession, but the defendant proved a possession under a purchase and color of title, and also proved an outstanding title in Henderson, the patentee; and the plaintiff was then put to proof of title by establishing one superior to Henderson's, and which was attempted by showing adverse possession by himself and those under whom he holds for a sufficient length of time for it to ripen into title, and which question was properly submitted to the jury, as there were many possessory acts shown by Armstrong and those holding under him. Indeed, almost every possessory act to which the character of the land was susceptible was proven.

Neither was the defendant entitled to the general charge, upon the theory that there was no declaration or claim filed, in the probate office, of an adverse claim, or because Armstrong was holding for the Johnston Company and there had been no sufficient repudiation of their title by him. The statute (section 2830, Code 1907) registration applies only to one in possession as a trespasser or mere squatter, and not to one who claims under a bona fide claim of purchase.—*Roe v. Doe,* 159 Ala. 614, 48 South. 1033; *Holt v. Adams,* 121 Ala. 664, 25 South. 716; *Sledge v. Singley,* 139 Ala. 346, 37 South. 98. There was evidence from which the jury could infer that Armstrong was in possession under a bona fide claim of purchase, and the trial court did not err in assuming, as matter of law, that Armstrong could not hold adversely after the act of 1893 (Acts 1892-93, p. 478), unless he had filed a written declaration in the probate office. It is true that the proof tended to show that Johnston Company, and not Armstrong, had purchased or entered the land; but it also showed that Armstrong owned an interest in same, and that he was holding under the claim of said Johnston Company. Whether Armstrong held adversely to Johnston Company or not, or his possession could not be tacked onto those holding under him, as to all of the land, did not entitle the defendant to the general charge, as there was proof that Armstrong claimed an interest in the land and the plaintiff was entitled to his undivided interest, and the general charge, or those questioning Armstrong's right to claim adversely to the Johnston Company, did not except the interest of Armstrong in the land, whether he was holding the other interests for Johnston Company or not.

It is true that declarations made by claimants to land as to the source of title, whether in possession or not,

are not admissible in evidence as against another.—
*Doe v. Clayton,* 81 Ala. 391, 2 South. 24; *Daffron v.
Crump,* 69 Ala. 77.  But a party in possession of land
may make declarations explanatory of his posession,
and either claim or disclaim ownership of the property,
and such declarations may be given in evidence, in an
issue of disputed ownership, no matter who may be
parties to the suit.  Possession being the principal fact,
such declarations are admissible as part of the res ges-
tae of the possession itelf, and are admissible when
made by a party while on the land, or in possession
thereof, whether actually on the land or not at the time
of making same.—*Payne v. Crawford,* 102 Ala. 398, 14
South. 854, and authorities there cited.  There was
proof tending to show that Armstrong was in the pos-
session of the land when he wrote the letter to Wallace,
which was a mere claim of ownership of the land, and
did not relate to the source of his title, and the trial
court did not err in admitting the letter in evidence.

There was no error in refusing to exclude the conver-
sation between Wallace and Armstrong, as there was
evidence that Armstrong was in possession of the land,
and was actually on it when the conversation was had.
It is true that some of the declarations of Armstrong
related to the source of his claim or title; but some of
them showed that he was claiming to be the owner of
the land, and the motion to exclude did not separate the
good from the bad.  Nor was the question asked calling
for the conversation subject to the objection made to
same.

The fact that the deed from Wallace to Moxon may
have antedated the one from Armstrong to Wallace was
not fatal to the use of the deeds as color of title; nor did
it deprive this plaintiff of tacking the possession of
Armstrong to Wallace, and that of Wallace to his own.

The proof shows that Wallace had been let into possession under Armstrong.

It is not competent to show, by reputation of general understanding in the neighborhood, that a plaintiff in an action of ejectment owned or had title to the land. —*Goodson v. Brothers,* 111 Ala. 589, 20 South. 443. But, while the existence of a fact cannot be proved by notoriety or reputation, yet, where the fact is otherwise established, its notoriety, for the purpose of showing notice, and which said notoriety is an element of adverse possession, may be shown.—*Tenn. Co. v. Linn,* 123 Ala. 138, 26 South. 245, 82 Am. St. Rep. 108; *Woods v. Montevallo Co.,* 84 Ala. 564, 3 South. 475, 5 Am. St. Rep. 393; *Humes v. O'Bryan,* 74 Ala. 81. There was evidence, independent of the fact that the land was known as the Armstrong land, showing that Armstrong was in possession, and the fact that the land was so known was a circumstance to show that his possession was notorious. If it tended to show ownership, or facts other than notoriety of the possession, the appellant should have requested a limitation to this effect, but cannot put the trial court in error for letting it in, as it was relevant for certain purposes, and the objection attempted to keep it out entirely.

There was no error in permitting the witness Phillips to testify that Armstrong was trying to sell his father the land three years after the surrender. There was evidence that he was in possession, and this was part of the res gestae, and it was a question for the jury as to whether or not it applied to this particular parcel of land, as it was in section 30, north of his old home.

The motion to exclude the evidence of Henry W. Armstrong that his father said that he felt he had a right to sell the land was not subject to the grounds of the motion. Whether properly expressed or not, it was

a circumstance tending to show that he was asserting
ownership thereto, and was competent, relevant, and
material.

The trial court did not err in limiting the deeds of-
fered by the defendant to color of title, instead of muni-
ment of title. The title claimed under the deed was de-
rived under and by virtue of a tax sale, and which must
have complied with the statute in order to vest the pur-
chaser at the sale with a title. It was sufficient to say
that what purports to be the assessment on agreed page
42 of the record, fails to show that the land in question
formed part of the assessment.

The trial court will not be put in error for so much
of the oral charge as was excepted to by the appellant.
This charge did not submit a question of law to the
jury. It simply left it to them to determine whether
or not the facts in the case established the plaintiff's
title by adverse possession. It did not leave it to the
jury to determine the legal definition or meaning of ad-
verse possession, but to determine whether the facts as
given in evidence constituted adverse possession, doubt-
less under the rule of what was adverse possession, as
probably laid down by the court. We must assume that
the court insructed the jury as to the constituents of ad-
verse possession, and that so much of the charge as was
excepted to was merely to call upon the jury to determ-
ine whether or not the evidence constituted adverse pos-
session under the rule of law as laid down by the court.
This presumption as to the oral charge is not overcome
by the recital in the bill of exceptions that "there was
no other part of the oral charge which changed the fore-
going statement of the law." The oral charge did not
attempt to define adverse possession, or to instruct the
jury to do so, but merely instructed them to determine
whether or not adverse possession existed under the

facts in the case—not what constituted, in law, adverse possession, but whether or not it existed under the facts.

There was no error in giving charge 1 at the request of the plaintiff. It hypothesized adverse possession in the concrete, did not attempt to define or set out the ingredients, and whether the court would or would not have been justified in refusing it, for failing to set out the constitutents of adverse possession, we need not decide; but it is sufficient to say there was no error in giving same.

There was no error in giving charge 2 at the request of the plaintiff. Whether the plaintiff should or should not have filed a declaration, under the act of 1893, as to an adverse claim, was a question of fact for the jury. If Armstrong held under a bona fide purchase, he did not have to file the declaration. On the other hand, if he did not hold under a bona fide claim of purchase, his holding after the act of 1893 could not constitute an adverse possession after that period. The result is the charge is in the abstract correct, and hypothesizes a recovery upon an adverse possession for 10 years. If the holding was not adverse after the act of 1893, the charge in no way impinged the rule resulting from a failure to file the claim in case Armstrong was not claiming under a bona fide claim of purchase.

Charge 3, given at plaintiff's request, did not instruct that the facts hypothesized amounted to adverse possession, but that they may do so; and we think they might, whether the party was in possession under a paper title, or color of title, or not. The charge hypothesizes many more possessory acts than those intimated to be insufficient in the case of *Alexamnder v. Savage,* 90 Ala. 383, 8 South. 93. We do not commend this charge, but do not think it was reversible error to give same.

[Blakeney v. DuBose.]

The trial court did not err in refusing charge 5, requested by the defendant. It was calculated to mislead the jury to the conclusion that the plaintiff could not recover unless the possession of Armstrong was coupled with a bona fide claim of purchase for a period of 10 years prior to the statute of 1893.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.