# Kretzer v. Jackson.

*Ejectment.*

(Decided May 22, 1913.   62 South. 811.)

*Adverse Possession; Claim or Declaration; Conveyance.*—Where a person deeded certain land, which was his home place, to M., who either never took possession of the land, or abandoned it shortly thereafter, returning the deed to his grantor, telling him he did not wish the land, and the grantor remained in possession until he conveyed the land to K. in 1906, the original owner's possession was adverse, co-extensive with the boundaries of his original title, and it was not necessary that he should file a claim or declaration under Acts 1893, page 478, in order to claim adversely, as he was claiming under such original title, and under a surrender or gift to him by his grantee of so much of the land as he had previously conveyed to such grantee.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

[Kretzer v. Jackson.]

Ejectment by Frank Jackson against Anna Kretzer. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Plaintiff traces title through deed from William Peck to Herman Muller, mortgage from Muller to Frank Jackson, and deed from Jackson as mortgagee to himself as purchaser at the mortgage sale. Defendant claims by deed from William Peck to herself and an adverse holding under the facts as stated in the opinion.

PAUL HODGES, for appellant. The provisions of section 1541, Code 1896, are without application here as the holding was by one having title or at least under claim of right by gift or otherwise.—*Owen v. Moxen,* 52 South. 529; 48 South. 1033; 37 South. 98; 25 South. 716. Under the evidence the holding was adverse, and the court was in error in holding otherwise.—*Hess v. Ruddler,* 23 South. 136; 1 Cyc. 900; 19 S. W. 61; Authorities supra. Muller delivered the land as a gift together with the deed to him, and at once the possession of his grantor became adverse.—*Lee v. Thompson,* 99 Ala. 95, and cases there cited.

ASHCRAFT & BRADSHAW, for appellee. Section 1541, Code 1896, became operative on February 11, 1893, and the evidence discloses that Peck went into possession of the title after that time. Hence, his holdings to become adverse must have been under a declaration or claim filed under said section. While a gift of land and possessions may be color of title as between vendor and vendee, it cannot be held to be color of title as between strangers to the transaction.—*T. C. & I. v. Lynn,* 123 Ala. 112; *Burkes v. Mitchell,* 78 Ala. 61; *Clements v. Hayes,* 76 Ala. 280; *Bell v. Denson,* 56 Ala. 444; *Matthews v. T. C. & I.,* 157 Ala. 23.

Peck was a squatter and in order for his possession to ripen into title, it was necessary for him to give the notice prescribed by the statute.—*Scales v. Ott,* 127 Ala. 582; 28 A. & E. Enc. of Law, 154.

ANDERSON, J.—While there was evidence that Peck deeded the land in question to Muller, and which was a part of his home place, there was further proof that Muller never took possession of the land, or abandoned it shortly thereafter if he did, and returned the deed to Peck and told him he did not wish the land. Peck has ever since remained in possession of same until he conveyed it to this defendant in 1906. If these facts were true, Peck's possession was adverse, and the boundaries thereof were coextensive with his original title, which was admitted to be in him prior to the Muller deed, and he did not have to show a pedis possessio as to all of the land.—*Hickman v. Link,* 97 Mo. 482, 10 S. W. 600; *Hughes v. Israel,* 73 Mo. 538. Nor did Peck have to file a claim or declaration, under the act of 1893, p. 478, in order to claim adversely, as he was claiming under his original title and a surrender or gift to him by Muller of so much of the land as he had previously conveyed to him.—*Owen v. Moxon,* 167 Ala. 615, 52 South. 527; *Holt v. Adams,* 121 Ala. 664, 25 South. 716; *Sledge v. Singley,* 139 Ala. 346, 37 South. 98. The statute as it previously existed was changed by the Code of 1907, § 2830, but the possession in this case is controlled by the old statute.

The trial court erred in holding that the defendant was not entitled to rely upon the adverse possession of herself and father in order to defeat the plaintiff's title as acquired by the mortgage from Muller, and the judgment of the circuit court is reversed, and the cause is remanded.

[Bell, et al. v. Bell, et al.]

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.