# Mobile & G. R. R. Co. *v.* Rutherford.

## *Ejectment.*

(Decided December 18, 1913.   63 South. 1003.)

1. *Adverse Possession; Statutory Requirements.*—Section 2830, Code 1907, is without application to a rightful possession, or to one under color of title or under bona fide claim of inheritance or purchase, and a grantee in a deed conveying a storehouse and the lot on which it is situated, who enters into and remains in possession thereof, does not have to comply with the statute to acquire title by adverse possession.

[Mobile & G. R. R. Co. v. Rutherford.]

2. *Same; Acts Constituting.*—An owner who goes over his line intending only to claim to the true line is not an adverse claimant, and may not acquire title beyond the line by adverse possession.

3. *Same.*—Where a grantee in a deed of a storehouse and lot, bounded by a railroad right of way, entered into and remained in possession thereof for many years, the question whether he intended to claim the storehouse and lot, regardless of the boundary of the right of way, or merely to claim to the true line of the right of way, was a question for the jury, and the mere recital of the deed that the right of way bounded the lot did not conclusively estop the grantee from acquiring adverse possession of the house and lot, although they encroached on the right of way.

APPEAL from Russell Circuit Court.

Heard before Hon. M. SOLLIE.

Ejectment by the Mobile & Girard Railroad Company against Clyde D. Rutherford. From a judgment for defendant, plaintiff appeals. Affirmed.

The railroad claimed that a storehouse and lot in the possession of defendant was included within or partly within a deed executed to it by John Tarver, and showed possession in said John Tarver. The defendant claimed under a deed from Rutherford and husband to him of date April 16, 1908, and testified that the land covered by the deed was not closer than 67 feet to the main track of the Mobile & Girard Railroad Company, and that no one was in possession of the open space in front of the store and between it and the railroad. Other witnesses testified that they had known the land for some years; that there had been a storehouse on it since 1891; that there had been additions to the house at various times; and that Coleman, Thompson, and Rutherford had successively been in possession of it from 1891 down to the present time. Plaintiff requested the affirmative charge on the evidence, which was refused.

G. L. COMER, for appellant. The appellant was entitled to the affirmative charge as requested.—Sec. 2830,

Code 1907; *Bolling v. M. & M.,* 128 Ala. 550; *L. & N. v. Higginbotham,* 153 Ala. 334; *M. & E. R. R. Co. v. Rutland,* 165 Ala. 311. Based on these authorities, counsel contend that the action of the court was manifestly erroneous as set out in the assignment of error.

GLENN & DE GRAFFENRIED, for appellee. No brief reached the Reporter.

ANDERSON, J.—It has been repeatedly held by this court, that section 2830 of the Code of 1907, and its predecessor, in requiring the filing of a written declaration of a claim to land in order to set up adverse possession thereto, has no application to a rightful possession, or to possession under color of title, or to possession under a bona fide claim of inheritance or purchase. —*Dixon v. Hayes,* 171 Ala. 498, 55 South. 164; *Owen v. Moxon,* 167 Ala. 615, 52 South. 527; *Holt v. Adams,* 121 Ala. 664, 25 South. 716; *Sledge v. Singley,* 139 Ala. 346, 37 South. 98; *Bowling v. M. & M. R. R.,* 128 Ala. 550, 29 South. 584. Whether or not the deeds in question, having fixed one of the boundaries of the lot conveyed by the plaintiff's right of way, would give color of title to any land that went beyond said boundary we need not decide, as the deeds conveyed the storehouse and lot upon which it was situated, and the defendant entered under a bona fide purchase of said storehouse and the lot upon which it was situated, regardless of the description given the lot in the deeds, and he and his predecessors, who purchased in like manner, did not have to comply with the statute in question in order to set up adverse possession. It may be true that the defendant does not bring himself strictly within the exception provided by section 2830 of the Code of 1907, which has somewhat changed the statute from its for-

mer phraseology; but, be that as it may, there was evidence from which the jury could find adverse possession for more than ten years previous to the adoption of the Code of 1907.

It is also true that when a coterminous owner goes over his line, intending only to claim to the true line, he is not an adverse claimant; but the defendant in the case at bar, and his predecessors, having purchased the storehouse and the land upon which it stood, and having been in possession of same for years, it was a question for the jury to determine whether or not they intended to claim the storehouse and lot covered by it regardless of the boundary line of plaintiff's right of way or merely intended to claim to the true line of the said right of way. Their mere going into possession under a deed fixing the plaintiff's right of way as the boundary was no conclusive estoppel against the defendant from acquiring adverse possession to the storehouse and the lot upon which it was situated, notwithstanding it may have encroached upon the plaintiff's right of way. The recital might affect the paper title, if the defendant relied upon paper title, but he purchased the store and lot; and if he intended to claim it adversely for the requisite period, regardless of the line of the right of way, the jury could find that he had acquired title to the narrow strip covered by the store by adverse possession, and the trial court properly refused the general charge requested by the plaintiff.

The case of *Alexander City Co. v. Cen. of Ga. Ry. Co.*, 182 Ala. 516, 62 South. 745, is not in conflict with the present holding, as that case makes no reference to the statute above considered. Nor does it hold that there can be no adverse holding to a part of the right of way of a railroad. The fifth headnote to the case as reported in the Southern Reporter indicates that there can

be no adverse holding to the right of way of a railroad, but it is based upon quotations in the opinion and not upon the real holding of this court.

The judgment of the circuit court is affirmed. Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.