## EARNEST v. FITE. (6 Div. 789.)

(Supreme Court of Alabama. May 29, 1924.)

**I. Adverse possession ⬦13 — Claimant must bring possession within specification of Code.**

Since adoption of Code 1907, § 2380, claimant of title by adverse possession must show that deed or other color of title has been duly recorded for 10 years, or that title was derived by descent cast or devise from predecessor in possession, or that he or those through whom he claims have annually listed land for taxation for 10 years.

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Evidence ⊚⟹222(3)—Admissions by claimant by adverse possession tending to show possession not adverse held competent.**

Where defendant claimed land by adverse possession, his admissions that he regarded it as part of his father's estate, though made after lapse of 10 or 20 years from inception of his possession, were competent to show his possession was not hostile and adverse.

**3. Trial ⊚⟹56—Excluding question, answer to which would have added nothing to defendant's case, not error.**

Where evidence showed that father of claimant by adverse possession gave claimant use of property as home, and hence it would have added nothing to defendant's case to have shown that his father never demanded rent, there was no error in excluding evidence to that effect.

**4. Witnesses ⊚⟹159(4)—Question prima facie objectionable as calling for statement by deceased person whose estate was interested.**

In view of Code 1907, § 4007, question to defendant as to whether his deceased father ever asked him to pay rent on land claimed by adverse possession was prima facie objectionable as calling for statement by deceased person whose estate was interested in result.

**5. Witnesses ⊚⟹159(4) — Testimony of conversation between defendant and deceased father properly excluded.**

Testimony of claimant of land by adverse possession as to transactions between him and his deceased father, relating to renting and collection and disposition of rents, held inadmissible, under Code 1907, § 4007, as calling for statement by deceased person whose estate was interested in result.

**6. Witnesses ⊚⟹159(7)—Defendant could not state deceased father gave him property claimed by adverse possession.**

In view of Code 1907, § 4007, claimant of land by adverse possession could not testify that his deceased father gave it to him, notwithstanding evidence of adverse witness that after father's death defendant said witness could swear that father had given witness' wife a place and also had given defendant land in question.

**7. Ejectment ⊚⟹27—Instruction on estoppels in pais properly refused.**

Estoppels in pais cannot affect title to land in law, and hence, in ejectment, instructions on theory that plaintiff was estopped to assert title because his testator knew that defendant was making valuable improvements on land on which he lived and made no objection thereto and asserted no claim of his own, were properly refused.

**8. Adverse possession ⊚⟹13 — Code requirements held not to apply to claim by prescription of 20 years.**

Code 1907, § 2830, requiring claimant by adverse possession to show recorded color of title, listing for taxation, or acquisition of title by descent or devise from one in possession does not apply to claim of title by prescription based on possession for 20 years under claim of right.

Appeal from Circuit Court, Marion County; J. J. Curtis, Judge.

Action in ejectment by K. V. Fite, as executor of J F. Earnest, deceased, against W. L. Earnest, to recover a house and lot. Judgment for plaintiff, and defendant appeals. Affirmed.

Defendant is a son—one of three children—of J. F. Earnest, the testator, and his contention is that he acquired title to the land in suit by adverse possession thereof from September, 1895, down to the time of the suit; and also by prescriptive holding of 20 years or more. It appears without dispute that plaintiff's testator acquired the land on October 29, 1895, by a deed executed to him by the owner on that date.

Defendant and his wife testified that they moved on the place in September, 1895, and the wife testified that, before they moved on it, the testator told her "that he had given us a home; that he had bought us a home to give us." There was no other evidence tending to show a gift, except the testimony of some half dozen or more witnesses that they had at various times within the last 20 years heard the testator (who died in 1920) say that he had given the place to defendant, or refer to it as defendant's home.

Defendant's evidence shows that he has occupied the place as his home ever since 1895, with the exception of three years (1904–1907); and that for those years he received the rents which were collected from tenants by the testator, who had rented the place to several successive tenants. It shows, also, that defendant, throughout the period of his occupancy, made valuable improvements by building a barn, additions to the dwelling, and new fences, all with the knowledge of plaintiff's testator, who lived in the community.

Defendant never assessed the land for taxes, nor was it ever assessed against him until 1921, after testator's death, though he regularly assessed other property, real and personal, owned by himself. On the contrary, with his knowledge, it was assessed by the testator, who paid the taxes annually down to his death in 1920. Defendant testified that he paid the taxes "several times," taking receipts not in his own name, however.

On plaintiff's objection, the trial judge excluded the question to defendant, "Did your father, at any time since you have been living there, ever ask you to pay him any rent on that property?" and excluded also the questions to defendant, "At whose request did your father rent the property to Joe Guin?" and, "In whose care did you leave it while you were at Glen Allen?"

Over defendant's objection that it was irrelevant and hearsay evidence, plaintiff was allowed to show that the testator told his

---

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

son-in-law, one Blakeney, that he (testator) had made the same proposition to defendant as he had to Blakeney—that he could live on this place without paying rent.

There was evidence of statements, made by defendant after testator's death, tending to show that he considered this property as a part of his father's (testator's) estate.

Other questions are sufficiently stated in the opinion.

The jury found for plaintiff, and there was judgment accordingly, from which defendant appeals.

W. F. Finch, of Jasper, for appellant.

Any statement made by defendant after his father's death could not affect his title. Lee v. Thompson, 99 Ala. 95, 11 South. 672. Defendant was entitled to the affirmative charge. Collins v. Johnson, 57 Ala. 304; Vandiveer v. Stickney, 75 Ala. 225; Dixon v. Hayes, 171 Ala. 498, 55 South. 164; Owen v. Moxon, 167 Ala. 615, 52 South. 527; M. & G. v. Rutherford, 184 Ala. 204, 63 South. 1003; Stewart Bros. v. Ransom, 200 Ala. 304, 76 South. 70. Title to the property vested in defendant by prescription. Bozeman v. Bozeman, 82 Ala. 389, 2 South. 732; Miller v. Vizzard Inv. Co., 195 Ala. 467, 70 South. 639; Childs v. Floyd, 188 Ala. 556, 66 South. 473; Jones v. Rutledge, 202 Ala. 213, 80 South. 35; Kidd v. Brown, 200 Ala. 299, 76 South. 65. As to improvements made by defendant with knowledge on the part of testator, his executor is estopped from asserting title. S. & N. A. R. Co. v. A. G. S., 102 Ala. 236, 14 South. 747; Hendrix v. So. Ry., 130 Ala. 205, 30 South. 596, 89 Am. St. Rep. 27; Cowan v. So. Ry., 118 Ala. 554, 23 South. 754; So. Ry. v. Hood, 126 Ala. 312, 28 South. 662, 85 Am. St. Rep. 32.

A. H. Carmichael, of Tuscumbia, and K. V. Fite, of Hamilton, for appellee.

If there is recognition of the donor's title by an adverse claimant, the element of hostility is lacking. Collins v. Johnson, 57 Ala. 304; Boykin v. Smith, 65 Ala. 294; Trufant v. Hudson, 99 Ala. 526, 13 South. 83; Gillespie v. Gillespie, 149 Ala. 184, 43 South. 12. Continuation by the father to pay taxes shows that he had not relinquished all claim to the land. Burrus v. Meadors, 90 Ala. 140, 7 South. 469.

SOMERVILLE, J. [1] Section 2830 of the Code of 1907, which became effective as a part of the Code on May 1, 1908, is radically different from section 1541 of the Code of 1896, for which it was substituted. Under section 1541 of the Code of 1896, it was uniformly held, in accordance with its express provisions, that its requirements were not applicable to an adverse claimant who entered upon land under a bona fide claim of purchase or inheritance, though without color of title. But section 2830 of the Code of

1907 expressly denies the acquisition of title to land by adverse possession unless the claimant shows (1) that a deed or other color of title purporting to convey title to him has been duly recorded in the office of the probate judge for ten years before the commencement of the action; or (2) that he and those through whom he claims shall have annually listed the land for taxation in the proper county for ten years prior to the commencement of the action, if the land is subject to taxation; or (3) unless he derives title by descent cast, or devise from a predecessor in the title who was in possession of the land.

If the claimant does not bring his possession within one of these three specifications, his claim of title by adverse possession must fail. Cox v. Broderick, 208 Ala. 690, 95 South. 186; McCraw v. Lindsey, 209 Ala. 214, 95 South. 898; Kilpatrick v. Trotter, 185 Ala. 546, 64 South. 589; Wright v. L. & N. R. R. Co., 203 Ala. 118, 121, 82 South. 132; Childs v. Floyd, 188 Ala. 556, 66 South. 473; s. c., 194 Ala. 651, 70 South. 121. See, also, Kretzer v. Jackson, 183 Ala. 642, 644, 62 South. 811.

In the instant case it must be noted that defendant's claim does not come within the requirements of section 2830, Code 1907; and hence he could acquire title by adverse possession only by the perfection of the ten-year period prior to May 1, 1908.

Some confusion on this subject is apparent in our decisions. In Owen v. Moxon, 167 Ala. 615, 622, 52 South. 527, 529, the case was under section 1541, Code 1896, but the opinion says:

"The statute (section 2830, Code 1907) requiring registration applies only to one in possession as a trespasser or mere squatter, and not to one who claims under a bona fide claim of purchase. Roe v. Doe, 159 Ala. 614, 48 South. 1033; Holt v. Adams, 121 Ala. 664, 25 South. 716; Sledge v. Singley, 139 Ala. 346, 37 South. 98."

All of the cases cited were under the old statute, and it is clear that the writer of the opinion inadvertently referred to the new statute instead of the old one.

In Dixon v. Hayes, 171 Ala. 498, 502, 55 South. 164, 165, the opinion reads:

"By the terms of the statute (Acts 1892–93, p. 478, Code 1896, § 1541 et seq. See Code 1907, now section 2830), requiring the record of claims of adverse possession under conditions therein defined, it had no application to a rightful possession, or to a possession under color of title, or to a possession under bona fide claim of inheritance or purchase."

That case was entirely under the law existing prior to the Code of 1907, and the writer of the opinion very clearly did not mean to apply to section 2830, Code 1907, the observation made with respect to the terms and scope of the original act. The headnote,

however, erroneously so applies it. And, following the inadvertent error of reference in Owen v. Moxon, supra, and the false headnote in Dixon v. Hayes, supra, three of our later cases have repeated the error. M. & G. R. R. Co. v. Rutherford, 184 Ala. 204, 63 South. 1003; Stewart Bros. v. Ransom, 200 Ala. 304, 76 South. 70; Short v. De Bardeleben Coal Co., 208 Ala. 356, 94 South. 285. In so far as these cases involved the construction of section 2830, Code 1907, they must be overruled.

What constitutes adverse possession of land by one who enters under a parol gift from the owner has been repeatedly discussed and stated by this court. Collins v. Johnson, 57 Ala. 304; Boykin v. Smith, 65 Ala. 294; Vandiver v. Stickney, 75 Ala. 225; Potts v. Coleman, 67 Ala. 221, 227; Lee v. Thompson, 99 Ala. 95, 11 South. 672; Gillespie v. Gillespie, 149 Ala. 184, 43 South. 12.

In Gillespie v. Gillespie, supra, it was said:

"Where a donor alone assesses and pays the taxes on the alleged subject of the gift for a period of nearly twenty years succeeding the time of the alleged gift [this] is, as matter of evidence and unexplained, inconsistent with a possession by a donee that may ripen into a fee estate; and such acquiescence in the annual proclamation by a donor of his title is a fact of strong probative force that the donee's possession was in subordination to the title and in recognition of it."

To the same effect are Driver v. King, 145 Ala. 585, 596, 40 South. 315, and Anniston, etc., Co. v. Edmondson, 141 Ala. 366, 37 South. 424.

The application of this principle to the evidence justifies the refusal of the general charge requested by defendant, to say nothing of other features of the evidence.

[2] The admissions by defendant tending to show that he regarded the property in question as a part of his father's estate, though made after the lapse of 10 or 20 years from the inception of his possession, were competent and admissible as tending to show that his possession had not in fact been hostile and adverse to his father's title. Jones v. Williams, 108 Ala. 282, 19 South. 317, distinguishing Lee v. Thompson, 99 Ala. 95, 11 South. 672.

[3, 4] The undisputed evidence showed that the testator, defendant's father, gave to defendant at least the use of the property as a home, and hence it would have added nothing to defendant's case to have shown that his father never demanded of him any rent. But, as the question did not show, and counsel did not state, that a negative answer was expected, the question was prima facie objectionable as calling for a statement by a deceased person whose estate was interested in the result of the suit. Code, § 4007.

[5] For the same reason, defendant's testimony as to transactions between defendant and his father relating to the renting of the property, and the collection and disposition of the rents during the three years of defendant's absence, were properly excluded. "A conversation between two persons is a transaction by each with the other, within the meaning of the statute (Code, § 4007), whether the actual talking be done by both or only by one." Buye v. Ala. Marble Quarries, 199 Ala. 589, 75 South. 9. However, those matters are clearly shown by other parts of defendant's testimony, in connection with the testimony of Joe Guin.

[6] Under the same statutory rule of exclusion, defendant could not be allowed to state that his father gave him the property, notwithstanding the fact that one of plaintiff's witnesses had testified that defendant suggested to him, after his father's death, that witness could swear that the father had given witness' wife a place, and that he had also given defendant the place in question.

The assignments of error present several other rulings on evidence which are either clearly without merit, or are not argued in brief.

[7] Estoppels in pais cannot affect the title to land in a court of law. McPherson v. Walters, 16 Ala. 714; Donehoo v. Johnson, 120 Ala. 438, 24 South. 888; Boone v. Gulf, etc., R. Co., 201 Ala. 560, 78 South. 956. Hence the instructions requested by defendant on the theory that plaintiff is estopped from asserting title because his testator knew that defendant was making valuable improvements on the place, and made no objection thereto, and asserted no claim of his own, were properly refused.

In courts of equity a different rule prevails. 5 Michie, Dig. 704, § 73.

[8] As to the claim of title by prescription, based on possession under claim of right for 20 years or more, while the requirements of the statute (section 2830, Code 1907) are not applicable to such a claim (Jones v. Rutledge, 202 Ala. 213, 80 South. 35), yet the evidence before the court did not permit the giving of the general affirmative charge for defendant on that issue. On the contrary, it would scarcely support the presumption of a written grant.

We find no error in the record, and the judgment will be affirmed.

Affirmed.

All the Justices concur.