(121 So. 34)

**SHELTON v. STAPLER.** (8 Div. 79.)

Supreme Court of Alabama. March 21, 1929.

Milo Moody, of Scottsboro, for appellant.

Proctor & Snodgrass, of Scottsboro, for appellee.

ANDERSON, C. J. A party in possession of land may make declarations explanatory of his possession, and either claim or disclaim ownership, no matter who may be parties to the suit. Possession being the principal fact, such declarations are admissible as part of the res gestæ of the possession itself and are admissible when made by a party on the land, or in possession thereof, whether actually on the land or not at the time of making same. Owen v. Moxon, 167 Ala. 615, 52 So. 527; Payne v. Crawford, 102 Ala. 398, 14 So. 854. His declarations, however, as to the source of his title or as to past transactions, or contracts in respect thereto, are not admissible. Wilkinson v. Bottoms, 174 Ala. 122, 56 So. 948; Dothard v. Denson, 72 Ala. 541; Doe v. Clayton, 81 Ala. 391, 2 So. 24. The trial court therefore did not err in sustaining the objection to the evidence of the witness Horace Shelton that Hooper, while in possession of the land, stated that "Cas Stapler was paying him rent." This related to a past contract or transaction concerning the land, was not a part of the res gestæ as to possession, and was hearsay.

There was no error in permitting the witness Perkins to testify that the line upon which the fences stood, and as previously described by him, had been known as the line between the two places for 50 years. A disputed boundary line may be proved by reputation. Shook v. Pate, 50 Ala. 91. Moreover, when the line was once shown to which the defendant claimed, the extent and length of time it was generally regarded as such goes to the notoriety of the defendant's claim. Owen v. Moxon, 167 Ala. 615, 52 So. 527. Nor was there error in permitting the witness Henry Stephens to testify that he knew the cross fence which was called the line.

There was no error in sustaining an objection to the question on cross-examination by the plaintiff to the witness Johnson, as to what witness had said in regard to the administration, in which the plaintiff had testified that the witness was not honest and would not pay his debts. If not otherwise faulty, it was too remote and indefinite as showing bias on the part of the witness. Moreover, the witness seems to have subsequently stated that plaintiff had done some things in the matter that he did not think right.

There was no error in refusing the plaintiff's requested charge 1. If not otherwise faulty, it pretermits an agreement by the parties to abide by the result of the survey. Moreover, it seeks to bind the defendant by a line run by the county surveyor when the agreement to establish or run the line may have applied to some other surveyor.

We do not think that the trial court committed error in overruling the motion for a new trial. The main and sole issue in the case was the location of the boundary line as fixed and established by the adverse possession of the parties and their predecessors, and we think the weight of the evidence was not in conflict with the verdict of the jury, but supported same.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.